### THE STATE *v.* SETH GASKINS.

Upon a conviction for larceny, a sentence "that the defendant be imprisoned in the State prison for one year, and in the meantime and until he is carried there, that he be imprisoned in the County jail," is sufficiently definite as to the term of imprisonment in the State prison to be valid under the Act of 1868-'9, ch. 167, secs. 9 and 10, which declares that the term "shall begin to run upon and include the day of conviction."

The defendant, Seth Gaskins, was tried and convicted at the last Term of the Superior Court for the County of HYDE, before his Honor, *Jones, J.,* upon an indictment for larceny, where the following sentence was pronounced upon him, "that the defendant, Seth Gaskins, be imprisoned in the State's prison for one year, and in the mean time until he is carried there, that he be imprisoned in the County jail." From this judgment the defendant prayed an appeal to the Supreme Court.

*Warren & Carter* and *Bailey*, for the defendant.
*Attorney General*, for the State.

DICK, J. The judgment of the law, as pronounced by his Honor, was, " that the defendant, Seth Gaskins, be imprisoned in the State's prison for one year, and in the mean time until he is carried there, that he be imprisoned in the County jail."

The defendant insists that this judgment is defective and ought not to be executed, as it does not specify with sufficient certainty the term of imprisonment in the State's prison.

The term of imprisonment must be fixed by the Judge within certain limits ; the law declares that the term " shall begin to run upon and shall include the day of conviction." Acts 1868-'69, ch. 167, sec. 9 and 10. The judgment in this case conforms to the statute. There is no error.

Let this be certified.

PER CURIAM.                    Judgment affirmed.