## STATE v. JOHN CARDWELL.

*Escape—Capital Punishment—Respite—Sentence—Jurisdiction.*

1. If a prisoner, under sentence of death, is respited and escapes, and is not recaptured before the day fixed for the execution, the Judge of the Superior Court may, at a subsequent term, direct the sentence to be carried into effect.

2. The effect of a respite is only to postpone the day for the execution of the sentence by the Court.

(*State* v. *Speak, ante;* and *State* v. *Cockerham,* 12 Ired., 204, cited and approved).

This was an APPEAL from the judgment of *MacRae, Judge*, at Fall Term, 1886, of WILKES Superior Court.

The prisoner was charged with and convicted of having committed rape upon his daughter, Louisa Cardwell, at April Term, 1886, of Wilkes Superior Court, and sentenced to death. The judgment pronounced directed the sheriff to confine the prisoner in the common jail until Thursday, the 17th of June next thereafter, and on that day, between the hours of ten in the morning and two in the afternoon, to remove him thence to the place of execution provided by law, and there to hang him by the neck until he was dead. An appeal was entered from said judgment to this Court but was not prosecuted. Pending the period of imprisonment, the Governor granted a respite and deferred execution until July 2d, and again before the arrival of that day, granted a second respite, postponing it until the 30th day of the same month. Pending the suspension of the judgment and before the last mentioned day, as appeared from an affidavit of the sheriff, the prisoner was forcibly taken from the jail by men in the night time and set at liberty, so that after diligent search he could not be recaptured until after the day appointed for the infliction of the penalty, since which he has been recaptured and again committed to prison. Upon this evidence, laid before the Judge presiding at Fall Term of the Court in support of the solicitor's motion that the prisoner be resentenced, he was asked what, if anything, he had to say, why the Court should not proceed to direct execution, his counsel on his behalf asked for the prisoner's discharge upon the following grounds:

I. The Court had no power to re-pronounce sentence of death on the prisoner, because of the intervening respite coming from the executive, and the day fixed by him for the execution having passed, none other than himself can now assign a day therefor.

II. Because the same Judge who presided at and held the preceding March Term was incompetent to preside at and

hold the term at which the indictment was found and the trial took place, under the provisions of Section 11 of Article 4 of the Constitution; and further that

III. The Judge then about to pass upon the motion of the solicitor, held the Fall Term, 1884, of Wilkes Superior Court, and, four years not having since elapsed, was, under the same section, disqualified to hold the present term. The motion being overruled, the Judge again pronounced sentence of death upon the prisoner and directed it to be carried into effect on the 6th day of November thereafter, by the sheriff.

The prisoner thereupon appealed.

*Attorney-General,* for the State.
No counsel for the defendant.

SMITH, C. J. (after stating the case). We have not had the benefit of an argument for the prisoner in support of his claim to a discharge, nor does any reason suggest itself to us why it should be allowed, or why the judgment, frustrated by his escape and being at large when it should have been enforced, should not be again pronounced.

The effect of the executive interposition was only to substitute a later day for the execution than that appointed by the Judge. Had the prisoner been in the hands of the sheriff, and hung on the 30th day of July, the act would be by virtue of the sentence of the law pronounced by the Judge acting in his judicial capacity.

The case is, then, precisely in the same condition as if the original judgment had fixed the later day, and its enforcement had been evaded by the prisoner's escape. But the administration of the criminal law admits of no such escape from its demands. The penalty incurred must be submitted to, and this is accomplished by the appointment of another date for its enforcement. We are not without authority, if any were needed, to sustain this proposition.

In *State* v. *Cockerham*, 2 Ired., 204, the defendant was adjudged to be imprisoned two calendar months, "from and after the first of November next," to appear at which time he entered into a recognizance and forfeited it. At a subsequent Term, the solicitor moved that he be taken into custody and the sentence of the preceding Term carried into effect. This was ordered, and thereupon the defendant appealed. Upon the hearing, GASTON, J., sustained the action of the Court below, and said: " Upon the defendant appearing in Court, and his identity not being denied, and it being admitted that the sentence of the Court had not been executed, it was proper to make the necessary order for carrying the sentence into execution." So in the present case, it was the duty of the Judge, not so much again to sentence to death, but recognizing in force the judgment before rendered, to direct that it be carried into effect on some designated day. This is in substance what was done, and conforms to that repronounced in the case referred to.

The other objections have already been considered and overruled in *State* v. *Speak*, decided at this Term.

There is no error, and this will be certified to the Superior Court of Wilkes, to the end that further proceeding in the case be taken according to law as declared in this opinion.

No error.　　　　　　　　　　　　　　　　Affirmed.