### STATE v. R. A. VICKERS.

(Filed 25 October, 1922.)

**1. Criminal Law—Sentence.**

> The sentence of a defendant for a criminal offense does not require the fixing of the commencement of the term of the imprisonment, and is complete if it specifies the kind of punishment to be inflicted and the duration thereof.

**2. Same—Courts—Capias—Clerks of Court—Sheriffs.**

A court having jurisdiction may order the arrest of one already convicted, for the enforcement of its sentence, if the defendant is present at the time; and if not present, the court may order a *capias* to be issued by the clerk to bring him before the court for sentence.

**3. Same—Judgments—Suspended Judgments.**

An order for the arrest of a defendant by *capias* to be issued by the clerk of the court, for the enforcement of its sentence, upon the application to him by the sheriff of the county, is not in that respect a suspended judgment.

**4. Habeas Corpus—Appeal and Error—Certiorari.**

An appeal to the Supreme Court will not lie from the denial of a petition in *habeas corpus* proceedings, such as were taken in this case, the remedy being by application to this Court for a writ of *certiorari*.

APPEAL by defendant from *Kerr, J.,* at March Term, 1922, of DURHAM.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*R. O. Everett and J. R. Patton, Jr., for defendant.*

WALKER, J. This is an appeal from an order of Kerr, J., made at the March Term, 1922, in proceedings for a writ of *habeas corpus,* by which he ordered the defendant into the custody of the sheriff of Durham County to serve a sentence of twelve months on the public roads of said county, imposed by Horton, J., at the February Term, 1921, of the Superior Court.

It is clear that no appeal lies from such an order. The defendant should have applied to this Court for a writ of *certiorari.* *S. v. Yates,* 183 N. C., 753; *Ex parte McGown,* 139 N. C., 95.

The judgment, as entered by Judge Horton, at February Term, 1921, of Durham County Superior Court, was as follows: "The defendant comes into open court and pleads guilty of receiving more than one quart (of liquor) within fifteen days. The court then orders that the defendant be sentenced to twelve months on the roads, with *capias* to issue at the request of the sheriff of Durham County." The judgmnt was actually entered on 5 March, 1921. On 22 February, 1922, the sheriff of Durham County applied to the clerk of the Superior Court of that county for a *capias.* The *capias* on which the defendant was arrested was issued by the clerk on 6 March, 1922. The defendant was arrested under this *capias,* and while in the custody of the sheriff, and before entering upon the service of his term, the writ of *habeas corpus* was sued out before Judge Kerr. The testimony taken upon the return of this writ is contained in the record.

It is evident, we think, that the form of the judgment as rendered by Judge Horton was adopted at the suggestion of, and for the benefit of the defendant. It is in no sense a suspended judgment. *S. v. Burnette,* 173 N. C., 734, and *S. v. Hardin,* 183 N. C., 815. On the contrary, the judgment was a direct one, sentencing him to the public roads of Durham County for a period of twelve months, the execution of the sentence, however, to be delayed until the sheriff asked for a *capias.* In North Carolina, and it is so in numerous other jurisdictions, the time at which a sentence shall be carried into execution forms no part of the judgment of the court. *S. v. Cockerham,* 24 N. C., 204; *S. v. McClure,* 61 N. C., 491; *S. v. Cardwell,* 95 N. C., 643; *S. v. Yates, supra.* In the latter case, many of the decisions from this and other states are cited. This Court has been very emphatic and definite upon this question. In *S. v. Cardwell, supra,* referring to and adopting the language of *Gaston, J.,* in *S. v. Cockerham, supra,* the Court said: "Upon the defendant appearing in court, and his identity not being denied, and it being admitted that the sentence of the court had not been enforced, it was proper to make the necessary order for carrying the sentence into execution. So, in the present case, it was the duty of the judge, not so much again to sentence to death, but recognizing as in force the judgment before rendered, to direct that it be carried into effect." And in *S. v. McClure, supra,* the Court (by *Reade, J.*), also citing *Cockerham's case, supra,* held: When it came to the knowledge of the court that the defendant had not suffered the punishment, it was proper to order process of arrest against him, and upon his appearance in court, to order the execution of its former judgment. . . . It was, therefore, error in his Honor to discharge the defendant under the idea that the process for his rearrest was unauthorized. If there had been no process at all, it would have been proper for the court to order him into custody (he being in court) and to order the execution of its judgment. In *S. v. Gaskins,* 65 N. C., 320, the defendant contended that the judgment was defective and ought not to be executed, as it did not specify with sufficient certainty the term of his punishment or confinement in the State's Prison. But the court rejected the suggestion of counsel, as unwarranted by the law, it being quite sufficient that the term be fixed by the judge within certain limits. And this seems to be the almost universal rule. The Attorney-General, in *McClure's case, supra,* contended that one escaping, or at large when he should not be, is always supposed to be in custody, at least constructively, and when actually present in court, it will proceed to judgment, or direct one formerly given to be carried out, and for this he cites 2 Hale P. C., 407; 1 Hale, 566, and *Cockerham's case, supra,* and his position was sustained by this Court. 61 N. C., 492.

It is stated in 18 Corpus Juris that, as a rule, the duration of imprisonment must be stated clearly and definitely, although it has been held that when the period of imprisonment is definitely fixed by statute, such period need not be specified in the sentence. As a general rule, the time for imprisonment to commence, or to be inflicted, is no part of the judgment or sentence proper, and according to the weight of authority, in the absence of a statute requiring it, the time when the imprisonment is to begin or end need not be specified in the sentence, it being sufficient to state merely its duration. 16 R. C. L., p. 1304 (sec. 3079); *Gaskin's case, supra.* But we very recently passed upon the question, when it was said that the time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, is not a part of the same at all. The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it shall begin to be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should, as a rule, be strictly executed. But the order of the court, with reference to the time when this shall be done, is not so material. Expiration of the time without imprisonment is in no sense an execution of the sentence. *S. v. Yates,* 183 N. C., 753-758, citing cases. And to the same effect is 8 Ruling Case Law, sec. 230, where it is stated that a sentence which does not specify any time for the imprisonment to commence is not void. The better practice is not to fix the commencement of the term, but merely to state its duration and the place of confinement, where the statute does not otherwise provide. *Ex parte Gafford,* 25 Nev., 101 (83 A. S. R., 568) Bishop's New Cr. Proc., 804.

It can hardly be questioned that when the court was informed that its judgment had not been enforced, it was not only authorized, but it was its duty to provide for the commitment of the convict in execution of the sentence.

In December, 1918, the Circuit Court of Appeals of the United States, sitting at Richmond, in *Burstein v. U. S.,* 254 Fed., 955, had before it a similar question, and the Court declared that the time when a sentence of imprisonment shall commence, although specified in the same entry, is properly no part of the sentence, and may be changed by the court at a subsequent term, if for any reason execution of the sentence has been delayed. In our case, Judge Kerr directed that the defendant be committed to the custody of the sheriff that he may serve the sentence of twelve months imposed by Judge Horton. This is more than an order remanding him. It requires, also, the service of the twelve months upon the roads. In this point of view, the *Burnstein case, supra,* is also material. In that case, the Court further held, that although the order

so recites, we think it inaccurate to say that he was resentenced, since the court made no change in the original sentence, but merely changed the previous direction as to the time when imprisonment should begin.

In that case it was also held, in accordance with the authorities, that such an order (that is, an order fixing the time at which the sentence is to begin) is not a judicial, but merely a ministerial act, citing 12 Cyc., 784; 16 C. J., 1304; *Holden v. Minn,* 137 U. S., 483; *Schwab v. Bergren,* 143 U. S., 442.

It is manifest, then, we think, that if the judge had no authority to leave the time at which the *capias* should be issued to the discretion of the sheriff, that is no part of the judgment, and so under the circumstances of this case it may be enforced at any time for the full term upon an order of the court, as the defendant was in court, or upon the issuing of a *capias* by the clerk of the Superior Court under the direction of the judge, if he was not in court.

It would be a mockery of justice if the defendant could, upon such slight departure from correct procedure, escape the lawful punishment for his crime.

Appeal dismissed.