STATE v. COSTA J. MANON,

(Filed 25 January, 1933.)

1. **Husband and Wife A c—Resumption of marital relation does not bar State's right to prosecute husband for abandonment.**

   Abandonment of the wife by the husband is a statutory offense, and it is not condoned, so far as the State's right to prosecute is concerned, by a subsequent resumption of the marital relation. C. S., 4447.

2. **Husband and Wife A d: Criminal Law D a—Abandonment of wife held to have taken place in this State and our court had jurisdiction.**

   Where the husband abandons his wife in this State and thereafter goes to Reno for the purpose of securing a divorce, and the wife follows him there for the purpose of contesting the suit, and the parties there resume the marital relation, and thereafter the husband returns to this State and later the wife also returns here, and the marital relation is not resumed here and he refuses to contribute to her support: *Held,* the resumption of the marital relation in Reno does not affect the State's right to prosecute for the prior abandonment in this State, and our State courts have jurisdiction of the prosecution for such abandonment.

**3. Judgments K b—Judgment held not conditional, but order for capias to issue on motion of solicitor was void.**

> Judgment in this prosecution for abandonment of wife held not conditional, C. S., 4449, but order that *capias* issue at any time on motion of solicitor is void and not a part of judgment, and *capias* may issue only upon order of the court.

APPEAL by defendant from *Sink, J.,* at May Term, 1932, of BUN-COMBE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*W. A. Sullivan and R. R. Williams for defendant.*

ADAMS, J. The defendant was convicted of the abandonment and nonsupport of his wife, in breach of C. S., 4447, and from the judgment pronounced he appealed to the Supreme Court. He assigned as error the court's refusal to dismiss the action, to direct a verdict against the State, and to instruct the jury that if they should find from the evidence that the abandonment took place in Reno, Nevada, and not in North Carolina, their verdict should be not guilty.

These assignments are based upon the assumption either that the evidence necessarily shows or that there is evidence tending to show that the act of abandonment was committed in another State. True, the courts of this State have no jurisdiction of extra-territorial crimes, *S. v. Buchanan,* 130 N. C., 660, but in view of the facts disclosed we cannot agree with the defendant as to either assumption. The evidence is that the crime of abandonment and nonsupport was consummated in Buncombe County. The defendant went to Reno; his wife followed him there intending to contest his suit for divorce; while there they lived together a part of the time, and he gave her five dollars. After instituting his action for divorce he came back to Asheville. Soon afterwards his wife returned, but she has not lived with him since that time, and he has refused to contribute anything for her support.

The conduct of the parties in Reno does not bar the State's prosecution of the crime. Abandonment of the wife by the husband was not a criminal offense at common law; it is a statutory misdemeanor. No common-law implications attach to the offense, and it is not condoned by the renewal of the marital relation.

Condonation in law is the conditional forgiveness by a husband or wife of a breach of marital duty by the other, whereby the forgiving party is precluded, so long as the condition is observed, from claiming redress for the breach so condoned. Its basis is the agreement of the parties to a civil action, not the consent of the State, and the condition

is, that the original offense is forgiven if the delinquent will abstain from the commission of a like offense afterwards and treat the forgiving party with conjugal kindness. Bishop on Marriage and Divorce, sec. 53; *Gordon v. Gordon,* 88 N. C., 45; *Lassiter v. Lassiter,* 92 N. C., 129; *Page v. Page,* 167 N. C., 346; *Jones v. Jones,* 173 N. C., 279. If the condition is violated the original offense is revived, *Blakely v. Blakely,* 186 N. C., 351; but as any asserted condonation between the parties does not affect the right of the State to prosecute the defendant, we need not decide whether his failure to support his wife after their return to Asheville revived the original offense. The statute of limitations is not involved.

The judgment is not conditional, as contended by the defendant, C. S., 4449, *S. v. Vickers,* 196 N. C., 239; but the order that a capias issue at any time on motion of the solicitor is ineffective. *S. v. McAfee,* 189 N. C., 320. If the judge had no authority to direct the solicitor to have the capias issued, the order is not part of the judgment; it is void. *S. v. Vickers,* 184 N. C., 676, 680. The process may issue upon an order of the court. We find

No error.