### STATE v. RICHARD PERRYMAN.

(Filed 16 June, 1939.)

**Criminal Law § 63—Where record shows no breach of the condition upon which execution was suspended, execution on the judgment is error.**

Defendant was convicted in the municipal court of a violation of the Prohibition Law, and judgment was entered that he pay a fine and costs and that he be imprisoned for six months, execution against the person to issue on motion of the solicitor condition upon the defendant being a law-abiding citizen for a period of five years. Thereafter defendant was convicted in the municipal court on a charge of a subsequent violation of the Prohibition Law, and in addition to the judgment in that case an order was issued that the judgment in the former prosecution should be put in effect. Upon trial *de novo* in the Superior Court upon appeal from the second conviction, defendant was acquitted. *Held:* The order putting into effect execution under the former conviction was based upon the fact of the second conviction, and this fact no longer existing, it was error for the Superior Court upon appeal from the said order not to discharge defendant, since defendant should not be imprisoned when the record fails to divulge that he had breached the condition upon which execution was suspended.

APPEAL by defendant from *Sink, J.,* at November Term, 1938, of FORSYTH.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*
*Elledge & Wells for defendant, appellant.*

STATE *v.* PERRYMAN.

SCHENCK, J. The defendant was convicted in the municipal court of the city of Winston-Salem on 14 May, 1937, of violating the prohibition law when and where he was sentenced "to pay a fine of $100 and the costs" and "to be imprisoned in the common jail of Forsyth County for a term of 6 months to be worked on the public roads . . .; execution against the person to issue on motion of the solicitor, conditioned upon the defendant being law-abiding and of good behavior for a period of 5 years."

On 21 September, 1938, the defendant was again convicted of violating the prohibition law in the municipal court, whereupon the court found as a fact that he had not complied with the condition of the judgment of 14 May, 1937, "in that on 21 September, 1938, this defendant was convicted of violating the prohibition law," and "ordered and adjudged, . . . upon motion of the solicitor, that the defendant be confined in the common jail of Forsyth County for a period of six (6) months, to be assigned to the State Highway."

From his conviction on 21 September, 1938, the defendant appealed to the Superior Court, and also sought an appeal from the order of the same date putting into effect the judgment of 14 May, 1937, execution upon which had been suspended, which latter appeal was denied him by the municipal court.

On 30 September, 1938, Johnston, J., upon application of the defendant, issued a writ of *certiorari* to the municipal court directing said court to send up to the Superior Court the record in the case tried 14 May, 1937, including the order entered therein on 21 September, 1938.

Pending the hearing on the writ of *certiorari,* to wit, on 17 November, 1938, the defendant on appeal was tried *de novo* in the Superior Court upon the warrant upon which he had been convicted in the municipal court on 21 September, 1938, and was acquitted.

On 18 November, 1938, the writ of *certiorari* theretofore issued by Johnston, J., came on for hearing before Sink, J., at term time, who held that "the petitioner is not entitled to the relief prayed for" and ordered that "the writ (be) discharged and the petitioner remanded to the custody of the municipal court of the city of Winston-Salem, there to abide the orders of said court," and further ordered "the petitioner into the custody of the high sheriff of Forsyth County."

To the judgment of Sink, J., the defendant excepted and appealed to the Supreme Court, assigning said judgment as error.

We are of the opinion, and so hold, that the exception is well taken, and that the judgment of Sink, J., must be reversed, and the case remanded to the Superior Court to the end that, upon the *certiorari,* an order may be issued to the municipal court reversing the order of that

court of 21 September, 1938, directing the issuance of execution on the judgment of 14 May, 1937.

It is manifest that the judgment of 21 September, 1938, was predicated upon the finding "that on 21 September, 1938, this defendant was convicted of violating the prohibition law," and since upon appeal the defendant was acquitted of the charge of which he was so convicted, the fact upon which the judgment was predicated no longer existed. To allow the defendant to be imprisoned when the record fails to divulge that he has in any way breached the conditions upon which execution was suspended, and shows affirmatively that he has paid the fine and costs imposed, and met all of the conditions of the suspension, "would," as said by *Hoke, J.,* in speaking to a somewhat similar situation in *S. v. Hilton,* 151 N. C., 687, "afford opportunity for capricious exercise of arbitrary power unknown to the common law and disapproved and condemned by many well considered decisions of the present time."

Error and remanded.