### IN THE MATTER OF LEANDER SMITH.

#### (Filed 7 November, 1940.)

1. **Criminal Law § 63—Time when punishment is to begin is no part of judgment, and execution may be suspended with leave to solicitor to move for capias.**

    Upon conviction, defendant was sentenced to six months on the roads, *capias* to issue on motion of the solicitor. *Held:* The judgment was not suspended but the sentence was definitely imposed with execution thereon delayed until the solicitor should make motion in court for *capias*, and the judgment is valid, the time when sentence shall be executed and punishment begun being no part of the judgment, and therefore execution of the sentence may be had at any time thereafter upon motion of the solicitor in open court in the presence of defendant.

2. **Habeas Corpus §§ 2, 8—**

    The writ of *habeas corpus* may not be used as a substitute for appeal, and where defendant has been confined upon execution of a valid sentence in a criminal prosecution, his petition is properly denied.

CERTIORARI to review order of *Bone, J.,* in *habeas corpus* proceeding instituted by Leander Smith. From WILSON. Affirmed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*A. O. Dickens and Connor & Connor for petitioners.*

DEVIN, J. The petitioner, Leander Smith, applied to Judge Bone for writ of *habeas corpus,* alleging that he was illegally restrained of his liberty under a judgment of the recorder's court of Wilson, North Carolina. After hearing the matter, Judge Bone was of opinion that petitioner's restraint was legal and declined to discharge him from custody. Thereafter petition for writ of *certiorari* to review the order of Judge Bone was allowed by this Court, and the case was brought here for determination of the question of the legality of petitioner's restraint.

The material facts were these: On 14 November, 1938, petitioner was tried in the recorder's court of Wilson on the charge of unlawful possession and sale of intoxicating liquor, and found guilty. The fol-

lowing judgment was entered: "After hearing the evidence, it is adjudged that the defendant is guilty of the offense charged. Fine $25.00 and costs and six months on the road, *capias* for road sentence to issue on motion of Solicitor."

On 17 June, 1940, petitioner was again tried in the same court on the charge of unlawful possession and sale of intoxicating liquor, and again found guilty. From sentence imposed in that case petitioner appealed to the Superior Court. At the same time the solicitor made a motion in the court for *capias* and commitment in the case tried 14 November, 1938. The motion was allowed and *capias* and commitment were ordered by the court to issue, and the petitioner was placed in custody. Writ of *habeas corpus* was sued out and hearing had 13 July, 1940. Petitioner's restraint was adjudged legal.

The question here presented is whether the recorder's court had the power, upon motion of the solicitor in open court, to cause *capias* and commitment to issue and to require petitioner to serve the sentence imposed by the judgment of 14 November, 1938.

Upon consideration of the original judgment entered by the recorder's court (which court had final jurisdiction of the cause and of the person of the petitioner), and of the subsequent proceedings as disclosed by the record, we are of opinion, and so decide, that the judge below has ruled correctly, and that the order denying petitioner's release under writ of *habeas corpus* must be affirmed.

This was not a case of judgment suspended upon condition. *S. v. Hardin,* 183 N. C., 815, 112 S. E., 593; *S. v. Gooding,* 194 N. C., 271, 139 S. E., 436. Here the sentence was definitely imposed by the judgment and the term of imprisonment was fixed. There were no conditions attached. The execution of the sentence was not at the time put into effect, but was delayed until the solicitor should make motion in court for *capias.* *S. v. Vickers,* 184 N. C., 676, 114 S. E., 168. Thereafter the petitioner being before the court, and it appearing that the sentence had not been served, upon motion of the solicitor, and in the exercise of the power of the court, the sentence already adjudged was ordered to be executed and service of sentence to be begun. *S. v. Cardwell,* 95 N. C., 643; *S. v. Cockerham,* 24 N. C., 204. The validity of the original judgment was not impaired by reason of the delay in putting it into effect. 15 Am. Jur., 147. "The time at which a sentence shall be carried into execution forms no part of the judgment of the court." *S. v. Vickers, supra.* "The essential part of the sentence is the punishment and not the time when the punishment shall begin." *S. v. Yates,* 183 N. C., 753, 111 S. E., 337; *S. v. Horne,* 52 Fla., 125; 7 L. R. A. (N. S.), 719. When the court's attention was called by the solicitor's motion to the fact that its judgment had not been enforced, it

had power to order the execution of the sentence. *S. v. McAfee,* 198 N. C., 507, 152 S. E., 391; *S. v. Manon,* 204 N. C., 52, 167 S. E., 493; *Bernstein v. United States,* 254 Fed., 955. The judgment of 14 November, 1938, was not void. *S. v. Edwards,* 192 N. C., 321, 135 S. E., 37. Nor may the writ of *habeas corpus* be substituted for appeal. *In re Adams, ante,* 379.

The judgment below declining to discharge the petitioner from custody is

Affirmed.