## STATE v. ANNIE RAY GLENN.

(Filed 4 November, 1959.)

**1. Criminal Law § 136—**

When an order putting into effect a suspended sentence is based upon a conviction of defendant which is reversed on appeal to the Supreme Court for insufficiency of the evidence of guilt, the order putting into effect the suspended sentence must be reversed on defendant's appeal from such order.

HIGGINS, J., not sitting.

APPEAL by defendant from *Gambill, J.,* at April 1959 Mixed Term, of DAVIDSON.

Criminal posecution upon a warrant charging defendant Annie Ray Glenn with the offense of assault with a deadly weapon, heard in Superior Court of Davidson County at the April 27, 1959 Mixed Term, when and where the following occurred: The presiding judge, finding as a fact that in Recorder's Court of Thomasville on 13 September 1958, defendant was convicted of assault with a deadly weapon and sentenced to two years in the Women's Division of the State Prison,—the sentence being suspended for a period of five years with the express consent of defendant upon certain conditions, one of which was that she not violate any law during the period of suspension; that on

13 October 1958, defendant was convicted of violating the liquor laws of the State of North Carolina and the aforesaid two-year sentence was placed into effect in the Recorder's Court; that defendant appealed to Superior Court therefrom, and from the conviction of violating the liquor laws; that in Superior Court defendant was found guilty by a jury of possessing four gallons of illicit liquor for the purpose of sale; and the court finding that the violation of the liquor laws by defendant was willful and in violation of one of the terms of the said suspended sentence, adjudged that there has been a violation of the conditions of the suspended sentence, and ordered that the two-year sentence to the Women's Division of State Prison, which was theretofore suspended, be placed into immediate effect by the issuance of a commitment.

And defendant having appealed to Supreme Court from the conviction in the said liquor case, also appealed from the order placing into effect the suspended sentence above described; and it now appears that the judgment in the liquor case, No. 370, has been reversed. Therefore defendant appeals to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General Claude L. Love for the State.*
*Walser & Brinkley for defendant, appellant.*

WINBORNE, C. J.　The ruling of the court putting into effect the suspended sentence against defendant, as hereinabove described, being predicated upon finding that the verdict of guilty in the liquor case above described, is violative of the conditions on which the two-year sentence was suspended is in error. Hence defendant is entitled to have the judgment by which suspended sentence was put into effect reversed and stricken from the record— and it is so ordered. *S. v. Harrelson*, 245 N.C. 604, 96 S.E. 2d 867.

Reversed.

HIGGINS, J., not sitting.