## STATE v. INEZ GUFFEY.

(Filed 21 September, 1960.)

**1. Criminal Law § 136—**

Ordinarily, whether a defendant has violated the conditions of suspension of sentence is for the determination of the court upon the evidence, and its findings are not reviewable if supported by competent evidence unless there is a manifest abuse of discretion.

**2. Same—**

A judge may not activate a suspended judgment upon his findings of defendant's guilt of a subsequent criminal charge if defendant is acquitted of such charge by a jury or competent tribunal, since such acquittal precludes a judge from finding to the contrary.

**3. Same— Order activating suspended sentence cannot stand when the conviction upon which it was based is reversed on appeal.**

Defendant appealed from the Recorder's Court from a judgment of conviction and an order activating a prior suspended judgment based on such conviction. Upon the hearing *de novo*, the judge of the Superior Court found that defendant had violated the terms of suspension, and affirmed the order activating the suspended sentence. Defendant failed to perfect his appeal from this order. Thereafter, the judgment of conviction of the criminal charge was reversed on appeal for lack of sufficient evidence. *Held:* Upon certification of the decision reversing the conviction, another judge of the Superior Court properly struck from the record the order activating the suspended sentence, notwithstanding the failure of defendant to perfect his appeal therefrom, since activation of the sentence cannot be allowed to stand when the judgment of conviction upon which it was based has been reversed.

APPEAL by the State from *McLean, J.,* March Term, 1960, of RUTHERFORD.

The defendant pleaded guilty on 2 January 1959 in the Recorder's Court of Rutherford County to a charge of illegal possession of liquor for sale, as charged in the warrant. The court imposed a sentence of one year in prison, suspended for two years on condition that the defendant pay a fine of $100.00 and costs, and on the further conditions that (1) the defendant not have in her possession or on her premises any intoxicating liquors and that (2) she not violate any of the laws of the State during said two years.

On 10 August 1959 the defendant was convicted in the same Recorder's Court upon a warrant charging that on 16 June 1959 she had in her possession a quantity of nontaxpaid liquor for the purpose of sale. On motion of the Solicitor, the Recorder, on 10 August 1959, following such conviction, entered an order activating the suspended sentence imposed on 2 January 1959, based on the above conviction of the defendant that day in his court.

The defendant appealed to the Superior Court from the judgment entered, on 10 August 1959 and from the order activating the suspended sentence entered in the Recorder's Court on 2 January 1959.

At the August Term 1959 of the Superior Court of Rutherford County, his Honor Judge Thompson heard the appeal from the order activating the suspended sentence in the Recorder's Court and found as a fact that the defendant on 16 June 1959 did have in her possession, at her residence and premises, a quantity of nontaxpaid liquor and that the possession of such intoxicating liquor was a violation of the terms of the suspended sentence imposed by the Recorder's Court of Rutherford County on 2 January 1959. Thereupon, Judge Thompson entered an order affirming the order of the judge of the Recorder's Court.

At the November Term 1959 of the Superior Court the defendant moved to arrest the judgment entered by Judge Thompson on the ground that, the defendant had appealed her conviction in the Recorder's Court and had also appealed from the order therein activating the suspended sentence entered in the Recorder's Court on 2 January 1959, and that her appeal from the conviction in the Recorder's Court was still pending in the Superior Court. Judge Pless denied the motion in arrest of judgment on the ground that he was without jurisdiction inasmuch as the defendant appealed from Judge Thompson's judgment to the Supreme Court. The record does not disclose that such appeal was ever perfected.

The appeal from the defendant's conviction in the Recorder's Court on 10 August 1959 was heard *de novo* in the Superior Court before a jury on the original warrant at the November Term 1959; the defendant was found guilty as charged and a prison sentence imposed. Upon appeal therefrom to this Court, the evidence adduced in the trial below was held to be insufficient to support the verdict and the judgment was reversed. See *S. v. Guffey,* 252 N.C. 60, 112 S.E. 2d 734.

At the March Term 1960 of the Superior Court of Rutherford County, his Honor McLean, J., in view of the decision of this Court reversing the conviction of the defendant, entered an order striking from the record the orders theretofore entered activating the suspended sentence. From this order the State excepted and appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General McGalliard for the State.*

*Thomas J. Moss, Stover P. Dunagan for defendant.*

DENNY, J.　There is no contention that the defendant violated the terms upon which her sentence was suspended on 2 January 1959 in any respect, except in connection with the charge that on 16 June 1959 she had in her possession a quantity of nontaxpaid liquor for the purpose of sale.

It is the general rule that when judgment is suspended in a criminal action upon good behavior or other conditions, the proceedings to ascertain whether or not the conditions have been violated are addressed to the sound discretion of the judge and do not come within the jury's province. The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion. *S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. Hoggard,* 180 N.C. 678, 103 S.E. 891; *S. v. Everitt,* 164 N.C. 399, 79 S.E. 274, 47 L.R.A. (NS) 848.

There is an exception, however, to the above rule, pointed out by *Hoke, J.,* in *State v. Hardin,* 183 N.C. 815, 112 S.E. 593, which is, "* * * where it is properly made to appear that a defendant has been acquitted by a jury or other competent tribunal having jurisdiction of the criminal offense which is the sole basis of the proceedings. As to that fact, and to that extent, the court or judge hearing the matter of the suspended judgment should be concluded."

In our opinion, when a criminal charge is pending in a court of competent jurisdiction, which charge is the sole basis for activating a previously suspended sentence, such sentence should not be activated unless there is a conviction on the pending charge or there is a plea of guilty entered thereto. Consequently, when the defendant appealed from the order entered in the Recorder's Court activating the suspended sentence and also appealed from the conviction in said court, which conviction was the sole basis for activating the suspended sentence, the hearing on the appeal from the order activating the suspended sentence should not have been heard until the defendant was tried on the criminal charge. Such procedure would give a defendant an opportunity to have his conviction, if convicted, and the matters with respect to the activation of a suspended sentence reviewed in a single appeal. In the instant case, the State says and contends this defendant is bound by Judge Thompson's order because she did not perfect her appeal therefrom to this Court. Be that as it may, it is difficult to see what relief this Court could have granted her if she had perfected her appeal while the appeal from the conviction in the Recorder's Court was still pending in the Superior Court.

The facts in the present case are distinguishable from those in

the case of *S. v. Greer*, 173 N.C. 759, 92 S.E. 147. In the *Greer* case, grounds for activating the suspended sentence in the Municipal Court of Winston were based on certain findings of fact and not on the conviction in that court. In the present case, while Judge Thompson heard the appeal from the order entered in the Recorder's Court activating the suspended sentence previously entered therein and found certain facts, he did not enter an independent judgment, based thereon, activating the suspended sentence, but merely affirmed the order entered in the Recorder's Court. *S. v. Thompson*, 244 N.C. 282, 93 S.E. 2d 158. The order in the Recorder's Court was predicated upon the fact that the defendant was convicted on 10 August 1959 of possessing intoxicating beverages on 16 June 1959 for the purpose of sale, in violation of the terms and conditions of the suspended sentence. When this Court determined that the evidence upon which the defendant was found guilty in the Superior Court at the November Term 1959, of possessing nontaxpaid liquor on 16 June 1959 for the purpose of sale, was insufficient to support the jury's verdict, the conviction upon which the Recorder's Court based its order activating the suspended sentence no longer existed. *S. v. Perryman*, 216 N.C. 30, 3 S.E. 2d 285; *S. v. Harrelson*, 245 N.C. 604, 96 S.E. 2d 867; *S. v. Glenn*, 251 N.C. 160, 110 S.E. 2d 794.

In light of the facts disclosed by the record herein, and our decision in this case on the former appeal, *S. v. Guffey*, 252 N.C. 60, 112 S.E. 2d 734, to allow the defendant to be imprisoned when the record fails to show that she has in any way breached the conditions upon which the sentence entered on 2 January 1959 was suspended, cannot be justified either in law or equity.

The judgment of the court below is
Affirmed.