STATE v. JAMES FRANKLIN JENNINGS.

(Filed 24 May, 1961.)

**1. Criminal Law § 138—**

Payment of costs upon conviction is required by statute, but the payment of costs constitutes no part of the punishment. G.S. 6-45.

**2. Criminal Law § 135—**

The time at which a sentence shall be carried into execution forms no part of the judgment of the court.

**3. Same—**

Where definite sentence is imposed upon conviction of defendant of a criminal offense, but the judgment provides that commitment should issue at the pleasure of the court at any time within the succeeding five years, *held,* the sentence is not a suspended sentence and the phrase "at the pleasure of the court" is unnecessary and surplusage, and, upon conviction of defendant of another offense less than seven months thereafter, the court may properly order commitment of defendant for service of the prior sentence.

**4. Criminal Law § 127—**

Where, upon conviction of defendant of a criminal offense the court orders that defendant be forthwith taken into custody to serve a sentence imposed by a previous judgment, the order of commitment must be definite as to the judgment under which the commitment is issued, but when both judgments are entered by the same court, the reference to the prior judgment by case number of that court identifies with sufficient certainty the sentence for which the commitment is ordered.

APPEAL by defendant from *Johnston, J.,* January Term, 1961, of SURRY.

In the Recorder's Court of Mt. Airy Township, Surry County, defendant was tried June 20, 1960, in case #60-820, for the unlawful possession (on or about May 30, 1960) of nontaxpaid liquor for the purpose of sale and found guilty. The court pronounced judgment that defendant "be confined in the common jail of Surry County for 12 months, to be assigned to work on the public highways of North Carolina under the supervision of the State Prison Department and pay the cost of the action with Commitment to issue at the pleasure of the Court within the next five years." Defendant gave notice of appeal in open court but on June 21, 1960, withdrew his appeal and paid the costs.

In said Recorder's Court, defendant was tried December 19, 1960, in case #60-1808, for the unlawful possession of nontaxpaid liquor for the purpose of sale, and for the unlawful transportation of nontaxpaid liquor, on or about December 4, 1960, and found guilty. The court pronounced judgment that defendant "be confined in the common jail of Surry County for 18 months, to be assigned to work on the public highways of North Carolina under the supervision of the State Prison Department and pay the cost of the action with Commitment to issue at the pleasure of the Court within the next five years."

Immediately after pronouncing judgment in case #60-1808, the court ordered defendant committed for service of the "previous sentence" imposed by the judgment pronounced in "Case No. 60-820." Defendant gave notice of appeal in open court from this order. The court refused to allow such appeal; and defendant was taken into custody forthwith under commitment issued December 19, 1960, pursuant to the court's said order, for service of the sentence of twelve months imposed by the judgment pronounced June 20, 1960.

Defendant, on December 19, 1960, also gave notice of appeal in open court from the judgment pronounced in case #60-1808. Thereafter, defendant withdrew this appeal and paid the costs in case #60-1808.

On December 22, 1960, while in custody under said commitment,

defendant applied for, and Judge Gambill issued, a writ entitled "Writ of Certiorari," requiring said Recorder's Court to produce its records pertinent to the legality of defendant's imprisonment. In accordance with Judge Gambill's order, defendant was released from custody upon giving bond for his appearance at the January Term, 1961, of Surry Superior Court, for the hearing on return of said writ.

At the hearing, Judge Johnston found the facts to be as set forth above and ordered "that the defendant be remanded to the custody from which he was released by the order of Judge Gambill, for the purpose of completing the service of the sentence pronounced by Judge Llewellyn in Case No. 60-820."

Defendant excepted to, and appealed from, Judge Johnston's said order and gave appeal and appearance bonds as required by its terms.

*Attorney General Bruton for the State.*
*Blalock & Swanson for defendant, appellant.*

BOBBITT, J. The judgments pronounced imposed unconditional prison sentences upon defendant's conviction of separate criminal offenses committed May 30, 1960, and December 4, 1960, respectively, and ordered that defendant pay the costs. "Every person convicted of an offense . . . shall pay the costs of prosecution." G.S. 6-45. "The payment of costs constitutes no part of the punishment in a criminal case." *Barbour v. Scheidt, Comr. of Motor Vehicles,* 246 N.C. 169, 172, 97 S.E. 2d 855; *S. v. Crook,* 115 N.C. 760, 20 S.E. 513.

Upon defendant's conviction for the criminal offense committed May 30, 1960, the Recorder's Court had authority to enter judgment imposing a sentence of twelve months as punishment therefor and to order defendant to serve said sentence forthwith. It pronounced said judgment but did not order immediate service of the sentence. It did not suspend execution of the sentence upon stated conditions but provided, in effect, that commitment for service thereof should issue only if the Court, within five years, should so order. Defendant contends the court had no authority to defer issuance of commitment in this manner and, therefore, the court's order of December 19, 1960, is invalid. Hence, defendant contends, he cannot now be required to serve the only punishment imposed for his criminal offense of May 30, 1960, the sentence of twelve months.

Whether defendant, if he had so requested on June 20, 1960, or thereafter, had the legal right to begin service of the sentence of twelve months forthwith, is not presented. The withdrawal of his appeal from the judgment of June 20, 1960, indicates defendant decided to accept the provisions of the judgment. Indeed, it seems clear the

provision now challenged, if not adopted at the suggestion of defendant, was intended for his benefit and so accepted.

"In North Carolina, and it is so in numerous other jurisdictions, the time at which a sentence shall be carried into execution forms no part of the judgment of the court." *S. v. Vickers,* 184 N.C. 676, 678, 114 S.E. 168, and cases cited; *In re Smith,* 218 N.C. 462, 11 S.E. 2d 317, and cases cited.

In *Vickers,* a judgment entered at February Term, 1921, of Durham Superior Court, was as follows: "The defendant comes into open court and pleads guilty of receiving more than one quart (of liquor) within fifteen days. The court then orders that the defendant be sentenced to twelve months on the roads with *capias* to issue at the request of the sheriff of Durham County." Vickers was arrested on a capias issued by the Clerk on March 6, 1922, upon application made therefor by the sheriff on February 22, 1922. Vickers' appeal from an order remanding him to custody for service of the sentence of twelve months imposed by the judgment entered at February Term, 1921, was dismissed. *Walker, J.,* said: ". . . the judgment was a direct one, sentencing him to the public roads of Durham County for a period of twelve months, the execution of the sentence, however, to be delayed until the sheriff asked for a *capias.*"

In *Smith,* the defendant was tried November 14, 1938, in the Recorder's Court of Wilson for the unlawful possession and sale of intoxicating liquor, and found guilty. This judgment was pronounced: "After hearing the evidence, it is adjudged that the defendant is guilty of the offense charged. Fine $25.00 and costs and six months on the road, *capias* for road sentence to issue on motion of Solicitor." On June 17, 1940, Smith was again tried in the same court for (separate offense) the unlawful possession and sale of intoxicating liquor and again found guilty. Thereupon, the court, upon the solicitor's motion, ordered the issuance of capias and commitment in the case tried November 14, 1938, and defendant was arrested. Judgment remanding defendant to custody for service of the sentence of six months imposed by the judgment pronounced November 14, 1938, was affirmed. *Devin, J.* (later *C.J.*), said: "This was not a case of judgment suspended upon condition. (Citations) Here the sentence was definitely imposed by the judgment and the term of imprisonment was fixed. There were no conditions attached. The execution of the sentence was not at the time put into effect, but was delayed until the solicitor should make a motion in court for *capias.* (Citation) Thereafter the petitioner being before the court, and it appearing that the sentence had not been served, upon motion of the solicitor, and in the exercise of the power of the court, the sentence already adjudged was ordered to be executed

and service of sentence to be begun. (Citations) The validity of the original judgment was not impaired by reason of the delay in putting it into effect."

Defendant contends the order of December 19, 1960, is invalid because the reference to the "previous sentence" in "Case No. 60-820" does not identify with certainty the sentence for which commitment is ordered. The factual situation in *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169, cited by defendant, is quite different from that here considered. Here, the judgments of June 20, 1960, and December 19, 1960, were pronounced by the same judge in the same court. In the order of December 19, 1960, the court identifies the "previous sentence" by reference *to its own records,* that is, "Case No. 60-820" on its docket.

If the court, as held in *Vickers* and *Smith,* had authority on December 19, 1960, to order defendant committed for service of the sentence of twelve months imposed by the judgment pronounced June 20, 1960, the use of the phrase, "at the pleasure of the Court," has no legal significance. The court derived no authority therefrom nor was its authority impaired thereby. The phrase, "at the pleasure of the Court," evidently intended and understood as the equivalent of the phrase, "in the discretion of the Court," put defendant on notice that the court, while it did not on June 20, 1960, order defendant committed for service of the sentence of twelve months imposed by the judgment then pronounced, reserved the right to do so at any time within five years.

The record dispels any suggestions that the court's said order of December 19, 1960, was not fully justified. It was entered *after* defendant had been tried and convicted of a subsequent criminal offense of like nature.

To paraphrase the statement of *Walker, J.,* in *S. v. Vickers, supra,* it would be a mockery of justice if the defendant could, on account of the court's use of the wholly unnecessary phrase, "at the pleasure of the Court," escape the lawful punishment for his crime.

Affirmed.