STATE OF NORTH CAROLINA v. RAYMOND VICTOR CROSS
No. 6922SC270

(Filed 18 June 1969)

**1. Criminal Law § 145.1— revocation of probation judgment — appeal**

Where revocation of judgment of probation is based upon a conviction of defendant which is reversed on appeal, the order of revocation must be reversed on defendant's appeal from such order.

**2. Criminal Law § 145.1— probation — act of grace — compliance with terms**

Where a defendant complies with the valid conditions of a judgment placing him on probation and suspending the execution of a sentence, the suspension should stand; but probation or suspension of sentence comes as an act of grace to one convicted of a crime, and not as a matter of right.

**3. Criminal Law § 145.1— revocation of probation — findings of fact**

Order of trial court revoking defendant's judgment of probation on ground that defendant had violated a condition of probation in failing to work at suitable employment, *held* supported by the evidence and the findings of fact.

APPEAL by defendant from *McConnell, J.,* 27 January 1969 Mixed Session of Superior Court of DAVIDSON County.

In July 1968 defendant was arrested on charges of forgery and uttering a forged instrument. He was tried and convicted of these crimes in November 1968. Prayer for judgment was continued until January 1969 at which time he was sentenced and gave notice of appeal to the Court of Appeals. The forgery case, in an opinion filed the same date herewith by Campbell, J., has been reversed because of a defective bill of indictment.

After the defendant was sentenced for the crimes of forgery and uttering a forged instrument, the court held a probation revocation hearing. Defendant was represented by counsel. Defendant and his

counsel participated in the hearing. A verified written report of the probation officer was filed in which it was stated that the defendant wilfully violated the terms and conditions of the probation judgment in that: (1) he failed to work faithfully at suitable employment as far as possible, and (2) he violated the penal laws of the State and did not remain of general good behavior. The evidence tended to show that the defendant was on probation and that the probation officer received the defendant in May 1968. That the defendant got a job on June 24, 1968, and worked through June 26, 1968. The probation officer testified, on being cross examined by defendant's counsel, that "(a)s far as his attitude, he has been very nice, as nice as anybody I ever supervised, as far as that is concerned, but I could not get him to work; the whole time I had him, he would not work."

The judge found, among other things, that the defendant was then on probation, that he had wilfully violated the terms of the probation in that he had failed to work at suitable employment and that he had violated the penal laws of the State of North Carolina in committing the crime of forgery.

The judge, after finding specific facts entered the following order:

"IT IS, THEREFORE, ORDERED, in the discretion of the Court, that the probation be, and the same is hereby, revoked and the sentence to the State Prison to be assigned to work under the supervision of the State Department of Corrections for a term of five years, heretofore suspended, is hereby ordered into immediate effect and commitment shall be issued by the Clerk of Court."

The defendant gave notice of appeal to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney R. S. Weathers for the State.*

*P. G. Stoner, Jr., for the defendant appellant.*

MALLARD, C.J.

Defendant contends that the court abused its discretion in revoking the probation of the defendant and placing the sentence heretofore suspended into immediate effect without hearing any competent evidence relating to the violation of the conditions of probation.

[1]    The conviction of the defendant on the forgery charge has been (as of this date) reversed by this Court. If the finding of the trial judge that the defendant had violated the conditions of the probation judgment was based solely upon his being found guilty of this

violation of the criminal law, the judgment of revocation would have to be reversed. *State v. Glenn,* 251 N.C. 160, 110 S.E. 2d 794; *State v. Harrelson,* 245 N.C. 604, 96 S.E. 2d 867.

[2]   Where a defendant complies with the valid conditions of a judgment placing him on probation and suspending the execution of a sentence the suspension should stand. But probation or suspension of sentence comes as an act of grace to one convicted of a crime, and not as a matter of right. *State v. Duncan,* 270 N.C. 241, 154 S.E. 2d 53; *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476. In this case the judge found that the defendant had violated another valid condition of the probation judgment in that he had wilfully failed to work at suitable employment.

[3]   There was ample competent evidence upon which to base the finding by the trial judge that the defendant had wilfully failed to work at suitable employment. There is nothing to show any abuse of discretion by Judge McConnell in the entry of the judgment ordering the prison sentence into immediate effect.

The judgment revoking probation herein is affirmed.

Affirmed.

CAMPBELL and MORRIS, JJ., concur.