STATE OF NORTH CAROLINA v. WILLIAM DAVID FIELDS

No. 7127SC318

(Filed 26 May 1971)

1. **Criminal Law § 134— validity of judgment — reference to offense**

    Judgment sentencing defendant to seven-to-ten years' imprisonment was not rendered invalid because it failed to state that the defendant pleaded guilty to a felony.

2. **Criminal Law § 134— requisites of valid judgment**

    It is not essential to the validity of a judgment that it refer to the crime of which defendant was convicted.

3. **Constitutional Law § 36; Criminal Law § 145.1 — cruel and unusual punishment — activation of probationary sentence**

    It was not cruel and unusual punishment for the trial court to activate defendant's probationary sentence of seven-to-ten years' imprisonment on the ground that defendant had failed to pay the costs of court and to remain gainfully employed, where defendant was given every opportunity to pay off the costs.

4. **Criminal Law § 145— costs in a criminal case**

    Payment of the costs constitutes no part of the punishment in a criminal case, but the Legislature has required that every person convicted of an offense, or who confesses himself guilty of an offense, shall pay the costs of the prosecution. G.S. 6-45.

APPEAL by defendant from *Thornburg, Judge,* 15 January 1971 Session, Superior Court of GASTON County.

Defendant was charged in a valid indictment with felonious breaking and entering and larceny. He entered a plea of guilty, was sentenced to not less than seven nor more than ten years. The sentence was suspended and defendant placed on probation under judgment entered 3 February 1970. On 15 January 1971, judgment was entered revoking probation and ordering his suspended sentence activated. Defendant appeals from judgment activating the suspended sentence.

*Attorney General Morgan, by Trial Attorney Magner, for the State.*

*William G. Holland for defendant appellant.*

MORRIS, Judge.

[1, 2] Defendant, on this appeal from the judgment entered 15 January 1971, argues that the sentence imposed by the judg-

---

**State v. Fields**

---

ment entered 3 February 1970 is excessive. He contends that in order for the defendant to be sentenced to not less than seven nor more than ten years, the judgment would have to state that the offense to which defendant pleaded guilty is a felony. This position is untenable and defendant offers no authority for his position. The indictment was proper in form and content and charged defendant with the commission of a felony. To this charge, defendant pleaded guilty. It is not essential to the validity of a judgment that it refer to the crime of which defendant was convicted. *State v. Sloan,* 238 N.C. 672, 78 S.E. 2d 738 (1953). The judgment is supported by the indictment and the plea of guilty thereto. *State v. Oliver,* 213 N.C. 386, 196 S.E. 325 (1938).

[3] Defendant's only other assignment of error is that the court erred in entering the judgment because it is cruel and unusual punishment for the court to put the probationary sentence of not less than seven nor more than ten years into effect simply because the defendant who is an indigent person failed to pay the costs of court and failed to remain gainfully employed.

Probation or suspension of a sentence upon conditions to be performed comes to one convicted of a crime as a matter of grace and not as a matter of right. Defendant does not contend that the evidence was insufficient to support the court's findings. Indeed there was sufficient evidence upon which the court could have based findings of other violations. Certainly, defendant cannot seriously contend that the failure to remain gainfully employed in violation of one of the conditions of probation is not sufficient violation to cause the sentence to be activated. *State v. Cross,* 5 N.C. App. 215, 167 S.E. 2d 862 (1969).

[4] While the payment of costs constitutes no part of the punishment in a criminal case, *State v. Jennings,* 254 N.C. 760, 120 S.E. 2d 65 (1961), the Legislature has required that every person convicted of an offense, or who confesses himself guilty of an offense, shall pay the costs of the prosecution, G.S. 6-45. This case bears no similarity to *Tate v. Short,* 28 L. Ed. 2d 130, 91 S. Ct. 668 (1971), where the United States Supreme Court held that Tate's imprisonment solely because of his inability to pay fines was unconstitutional. There the offenses of which he was convicted were punishable by fines only. Here defendant

had failed and refused to pay the costs of the prosecution. The evidence shows that judgment was entered on 3 February 1970 and defendant was given until 15 May 1970 within which to pay the court costs. He failed to do so. Thereafter the court and defendant's probation officer attempted to work out a modification and schedule of repayment of the costs. This was never completed, because defendant could not be located, having changed his place of residence without the written consent of the probation officer.

Defendant was given every opportunity to avoid the activation of the sentence. He has no just cause to complain now when, by his own actions and his own failure to cooperate, he has made it necessary for the court to enter judgment revoking probation and activating his sentence.

Affirmed.

Judges BROCK and HEDRICK concur.