STATE v. MRS. T. E. McAFEE.

(Filed 19 March, 1930.)

**Criminal Law K b—Where execution of judgment is suspended the court may at any time direct execution of the sentence.**

> Where a defendant in a criminal action is found guilty and is sentenced for a certain time in jail, suspending execution of the sentence for thirty days with a provision that at the end thereof capias to issue under the direction of the solicitor if the defendant were found within the State: *Held,* the essential part of the judgment is the punishment and the time the sentence should begin is directory, and the court may thereafter (in this case a period of four years) upon its own initiative direct the execution of the sentence theretofore imposed. Cases of suspended judgments and prayers for judgment continued distinguished.

APPEAL by defendant from *Lyon, Emergency Judge,* at December Term, 1929, of LENOIR. Affirmed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*O. H. Allen for defendant.*

ADAMS, J. At the October Term, 1924, of the Superior Court of Lenoir County, the defendant was found guilty of a breach of the prohi-

bition law and was sentenced to imprisonment in jail for a term of fifteen months. Execution of the sentence was suspended for thirty days with a provision that a capias should issue at the end of this period upon the direction of the solicitor, if the defendant was found within the State. She excepted to the judgment and appealed to the Supreme Court, and at the Spring Term of 1925 the judgment was affirmed. 189 N. C., 320.

The defendant was convicted of a misdemeanor at the May Term of 1925, and was sentenced to imprisonment in jail for a term of two years, capias not to issue in sixty days. She was told that unless she left the State under the provisions of the judgment entered at the October Term of 1924, she would be committed to jail under the judgment rendered at the May Term of 1925. The defendant then left the State and did not return until the latter part of 1927. After her return she conducted some sort of mercantile business within a short distance of the court-house until the second day of November, 1929, when the judge of the municipal court issued a warrant charging her with a misdemeanor. On the same day the clerk of the Superior Court issued a capias on the judgment given at May Term, 1925.

The defendant sued out a writ of *habeas corpus* before Judge Daniels, who adjudged that she should be discharged from imprisonment under the judgments of October Term, 1924, and May Term, 1925, and that upon entering into bond in the sum of $500 in each of the judgments of the municipal court of Kinston and Lenoir County for her appearance at the next criminal term of the Superior Court, she should be discharged from imprisonment thereunder.

At December Term, 1929, while the defendant was in the Superior Court awaiting trial on the warrant charging her with a violation of the prohibition law, the presiding judge, on motion of the State, committed her to jail for a term of two years under the judgment pronounced at May Term, 1925. The defendant excepted to this order and appealed to the Supreme Court.

It is well to recall the fact that this is not a case in which the judgment was suspended or the prayer for judgment was continued. If it were the cases of *S. v. Hilton,* 151 N. C., 687, and *S. v. Gooding,* 194 N. C., 271, would be in point. The question is whether at the November Term, 1929, four years after the defendant had been convicted, and two years after she had returned to the State, the Superior Court had jurisdiction to imprison her under the judgment pronounced upon her conviction at the May Term of 1925. Why a commitment was not issued promptly upon her return does not appear; but the delay cannot defeat the object of the prosecution or exempt the defendant from liability to punishment. The essential point of a judgment imposed in a criminal

action is the punishment and the time when the sentence shall actually begin is not material because it is only directory. If for any cause the sentence is not executed at the time named the defendant may again be brought before the court and a new period may be prescribed. 8 R. C. L., 231, sec. 229.

The Court applied the principle in *S. v. Cockerham,* 24 N. C., 204. The defendant was convicted in the fall of 1841 and was sentenced to imprisonment for a short term. He did not escape, but he was not imprisoned, and after the period prescribed for his punishment he was taken into custody. His counsel objected on the ground that the time had elapsed in which the sentence was to have been carried into execution and that the court had no power to imprison him. The objection was overruled, and from an order that he be imprisoned he appealed. On appeal the order was affirmed for reasons thus stated: "The time at which a sentence shall be carried into execution forms no part of the judgment of the court. The judgment is the penalty of the law, as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. In this case the judgment was that the defendant be imprisoned two calendar months; and the words which follow in the record, 'from and after 1 November next,' direct the time of executing the judgment. The entry, indeed, would have been more formal had the judgment and the mandate for carrying it into effect been separate and distinct. But, however, informal, it can be understood, in conformity to the law, as consisting of distinct parts and, therefore, ought to be so understood. Upon the defendant appearing in court and his identity not being denied, and it being admitted that the sentence of the court had not been executed, it was proper to make the necessary order for carrying the sentence into execution."

The principle was reannounced and adhered to in *S. v. McClure,* 61 N. C., 491, in *S. v. Cardwell,* 95 N. C., 643, and in other cases. The judgment is

Affirmed.