IN THE MATTER OF OBEDIAH (OBIE) SELLERS (STATE v. SELLERS).

(Filed 12 December, 1951.)

**1. Criminal Law § 67c—**

Where the record discloses a patent invalidity in the judgment pronounced which works a substantial injustice, the Supreme Court will take cognizance thereof and correct it regardless of how the cause reaches the Court.

**2. Criminal Law § 60b—**

Where the bill of indictment to which defendant pleaded *nolo contendere* is with certainty referred to by number, error in the caption of the case and in the judgment in referring to the charge does not render the plea void as not supported by a bill of indictment, there being no uncertainty in the identity of the bill to which the plea was made.

**3. Robbery § 1b—**

G.S. 14-87 merely provides a more severe punishment for robbery when committed with firearms, without adding to or subtracting from the common law offense of robbery.

**4. Robbery § 3—**

Where the indictment charges highway robbery and not robbery with firearms, sentence in excess of ten years exceeds the limit permitted by law. G.S. 14-2, G.S. 14-87.

**5. Criminal Law §§ 62a, 83—**

Where the court imposes a sentence in excess of the limit prescribed by law the prisoner is not entitled to a discharge or to a new trial, but the judgment will be vacated and the cause remanded for proper sentence, with allowance for the time already served.

**6. Criminal Law § 62e—**

Provision in a judgment upon an indictment containing two counts that the sentence on each count should begin at the expiration of the sentence on the other, does not render the sentences void for ambiguity, the sentence imposed on each count being the essential part of the judgment and the provision with respect to the time of execution being merely directory.

Petition for *certiorari*.

Petitioner was put on trial in Columbus County at the May Term, 1946, before Burney, J., on two separate bills of indictment. In case No. 568 he was charged in two counts with housebreaking and larceny and in case No. 569 with highway robbery. The record discloses that he entered a plea of *nolo contendere* to the bill in No. 568 and a like plea in the bill in No. 569 which is inadvertently designated in the caption of the case, as it appears on the minutes of the court, as "robbery with firearms." The court in its judgment likewise so referred to it and pronounced judgment that the defendant be confined in the State's prison for a term of not less than twenty nor more than twenty-five years, said sentence to begin at the termination of a sentence the defendant was then serving. Admittedly this prior term was completed in 1948. In No. 568 petitioner was sentenced on the first count, sentence to begin at the expiration of the sentence in No. 569 and on the second count, sentence to begin at the expiration of the sentence on the first count.

The petitioner brings the cause to this Court on petition for *certiorari* contending (1) that he was not indicted on a charge of robbery with

firearms under G.S. 14-87, and that his sentence on a plea unsupported by a bill of indictment is void; (2) that if it is held that his plea was in fact entered in case No. 569, then the sentence exceeds the limit permitted by law; and (3) the invalidity or irregularity, as the case may be, in the sentence in No. 569 renders the sentences in No. 568, as to their beginning dates, too ambiguous, uncertain, and indefinite to be enforceable.

*Charles F. Blanchard and William H. Yarborough, Jr., for petitioner.*
*R. Brookes Peters, E. O. Brogden, Jr., and L. J. Beltman for respondent.*

BARNHILL, J. How this cause reached this Court is of little moment. The record discloses the patent invalidity of the judgment pronounced which works a substantial injustice to the petitioner. It is our duty to take cognizance thereof and correct it, either in the exercise of our appellate or our supervisory jurisdiction, depending on how the case is presented. *S. v. Shipman,* 203 N.C. 325, 166 S.E. 298; *S. v. Cochran,* 230 N.C. 523, 53 S.E. 2d 663.

The identity of the bill of indictment for robbery to which the petitioner entered his plea cannot be successfully challenged. The bill was returned in case No. 569; the plea was entered in that case; and judgment was pronounced on that plea. That the trial judge, for some undisclosed reason, acted upon a misapprehension as to the contents of the bill does not affect this conclusion.

G.S. 14-87 creates no new offense. It does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission of the offense, more severe punishment may be imposed. *S. v. Jones,* 227 N.C. 402, 42 S.E. 2d 465; *S. v. Keller,* 214 N.C. 447, 199 S.E. 620; *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; *S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364.

The court below in pronouncing judgment on petitioner's plea to the bill of indictment under which he was put on trial was bound by the provisions of G.S. 14-2 which fixes ten years as the maximum sentence which may be imposed. Hence the sentence pronounced in case No. 569 cannot be sustained.

However, the petitioner is not entitled to a discharge or a new trial. The plea stands and the petitioner's debt to society thereby established must be paid. *S. v. Shipman, supra; S. v. Cherry,* 154 N.C. 624, 70 S.E. 294. To that end the judgment pronounced in case No. 569 on the charge of robbery is vacated and the cause is remanded to the Superior Court of Columbus County with direction that a proper sentence be imposed. The court below, in pronouncing sentence, should be careful to

so condition its judgment as to allow petitioner credit for the time he has served in execution of the sentence hereby vacated.

The contention that the sentences in case No. 568 are void for ambiguity is without substantial merit.

The invalidity of the judgment in case No. 569 does not render the judgment in No. 568 void for ambiguity or uncertainty as to the time of the beginning of the sentences thereby imposed. *S. v. Cathey,* 170 N.C. 794, 87 S.E. 532; *S. v. Satterwhite,* 182 N.C. 892, 109 S.E. 862; *S. v. McAfee,* 198 N.C. 507, 152 S.E. 391; *Blitz v. U. S.,* 153 U.S. 308, 38 L. Ed. 725; *U. S. v. Carpenter,* 151 F. 214; 24 C.J.S. 1242; 15 A.J. 124-5.

"The judgment is the penalty of the law, as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution." The sentence imposed is the essential part of the judgment. The time of its execution is merely directory. *S. v. McAfee, supra.*

To the end that the directives herein contained may be fully complied with, the proper officials of the State's prison are directed to deliver custody of the petitioner to the sheriff of Columbus County prior to the convening of the term of the Superior Court for the trial of criminal cases to be held in said county next after the certification of this opinion.

Error and remanded.