STATE v. WOODROW STEWART.

(Filed 1 November, 1961.)

**1. Robbery § 6—**

An indictment charging an assault with a deadly weapon and that defendant by means of such weapon and threats of violence took personal property from the person of his victim is sufficient to charge common law or highway robbery, but is insufficient to charge robbery with firearms or other deadly weapon, G.S. 14-87, there being no allegation that the life of a person was endangered or threatened by the use of a dangerous instrument or means, and therefore the maximum sentence upon conviction under such indictment, or upon defendant's plea of guilty of highway robbery, cannot exceed ten years. G.S. 14-2.

**2. Criminal Law § 127—**

Where consecutive sentences are imposed upon the defendant for separate offenses, the fact that the first sentence is in excess of that allowed by law does not render the sentences void for ambiguity or uncertainty and the defendant is not entitled to his discharge, but the cause will be remanded for imposition of proper sentence in lieu of the excessive sentence vacated, with credit for time served, and the imposition of sentences to begin at the expiration thereof for the other offenses.

PETITION for *certiorari.*

PER CURIAM. Petitioner Woodrow Stewart was tried in case No. 38 of the criminal docket of Watauga County Superior Court at the September Term 1945, Gwyn, J., presiding. It is charged in the bill of indictment in that case that Woodrow Stewart and another on 27 July 1945 "unlawfully, wilfully and feloniously, at and in and near the public highway, did commit an assault upon one H. J. Teague, with a deadly weapon, to wit, a club and by means aforesaid and by

threats of violence did steal, take and carry away from his person and did rob him, the said H. J. Teague, of the sum of $718.00, the property of the said H. J. Teague." The court minutes for that term show the following: "No. 38 . . . Highway Robbery. Defendants plead guilty. It appearing to the Court that the defendants robbed the prosecuting witness . . . in the day time on the public highway, by means of a deadly weapon, the defendants being masked; it is ordered and adjudged that the defendants be confined in the State's Prison for not less than 18 nor more than 20 years." Petitioner was committed to serve the sentence thus imposed.

In September 1961 Stewart petitioned for writ of *habeas corpus* and alleged that the sentence imposed is excessive as a matter of law and requested that he be discharged. The petition was heard by Gambill, J., 13 September 1961 at chambers. Judge Gambill ruled that "the punishment of not less than 18 nor more than 20 years . . . is not excessive . . . within the purview of" G.S. 14-87.

Highway robbery is a common law offense and is frequently denominated "common law robbery." Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834; *State v. Burke*, 73 N.C. 83. It is punishable by imprisonment in the State's prison for a term not to exceed 10 years. G.S. 14-2. *In Re Sellers*, 234 N.C. 648, 68 S.E. 2d 308.

G.S. 14-87, entitled "Robbery with firearms or other dangerous weapons," creates no new offense. "It does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission of the offense, more severe punishment may be imposed." *State v. Hare*, 243 N.C. 262, 90 S.E. 2d 550; *In Re Sellers, supra; State v. Keller*, 214 N.C. 447, 199 S.E. 620; *State v. Chase*, 231 N.C. 589, 58 S.E. 2d 364; *State v. Bell, supra.* It "superadds to the minimum essentials of common-law robbery the additional requirement that the robbery must be committed 'with the use or threatened use of . . . firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened.'" *State v. Rogers*, 246 N.C. 611, 99 S.E. 2d 803. To support a judgment imposing a prison term in excess of ten years the bill of indictment must allege facts sufficient to bring the case within this "additional requirement" and in accord with the tenor and substance of G.S. 14-87.

The bill of indictment in case No. 38 upon which petitioner was tried is sufficient to support a plea or conviction of highway robbery, for the facts alleged are sufficient to charge robbery by intimidation

or violence, which is the gist of common law robbery. *State v. Mull,* 224 N.C. 574, 31 S.E. 2d 764; *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34; *State v. Burke, supra.* But it does not allege that the life of a person was endangered or threatened by the use or threatened use of a dangerous weapon, instrument or means. Compare the indictment herein with those in *State v. Kerley,* 246 N.C. 157, 97 S.E. 2d 876, and *State v. Mull, supra.* It is our opinion that the indictment does not contain the additional allegations required in order to permit the more severe punishment provided for in G.S. 14-87.

But even if the indictment had charged the offense in accordance with G.S. 14-87, there is a further reason that the punishment may not exceed a term of 10 years in this case. The court minutes show that petitioner pleaded guilty to highway robbery. And highway robbery is a lesser offense embraced in the charge of robbery with firearms or other dangerous weapon. *State v. Marsh,* 234 N.C. 101, 66 S.E. 2d 684; *State v. Bell, supra.* Upon a plea of highway robbery the court may not change the effect of the plea by finding facts and thereby expose defendant to greater punishment than the plea will support.

In pronouncing judgment the court was bound by the provisions of G.S. 14-2, which fixes ten years as the maximum which may be imposed for highway robbery.

The order of Gambill, J., finding that "the punishment of not less than 18 nor more than 20 years . . . is not excessive" and denying the petition for *habeas corpus,* is vacated and set aside. However, the petitioner is not entitled to a discharge. The plea of guilty of highway robbery stands and proper judgment must be entered. *State v. Shipman,* 203 N.C. 325, 166 S.E. 298. To that end the judgment pronounced in case No. 38, Watauga County Superior Court, September Term 1945, against Woodrow Stewart shall be vacated and the cause remanded to the Superior Court of Watauga County with direction that a proper sentence be imposed, the term thereof not to exceed ten years. The Superior Court of Watauga County in pronouncing sentence should be careful to so condition its judgment as to allow petitioner credit for the time he has served in the execution of the sentence hereby directed to be vacated.

It has come to the attention of this Court that judgments have been entered in other cases imposing prison sentences against petitioner, these sentences to run consecutively, and the first of them to begin at the expiration of the sentence in case No. 38, from Watauga. If the Superior Court of Watauga County finds that petitioner has already served, under the vacated judgment in case No. 38, a term equal to or in excess of that which shall be imposed pursuant to this opinion, petitioner, notwithstanding, shall be recommitted to serve the sentence

in the other cases which were pronounced to begin at or after the expiration of the sentence in case No. 38.

In any event the invalidity of the sentence in case No. 38 does not render void for ambiguity or uncertainty as to the time of the beginning of the sentences imposed in other cases, the terms of which begin at or after the expiration of the sentence in case No. 38. *In Re Sellers, supra.*

This cause is remanded to Judge Gambill that he may forthwith enter an appropriate order directing that the procedure herein prescribed be carried out. He shall further order that the proper officials of the State's Prison deliver custody of petitioner to the sheriff of Watauga County prior to the convening of the term of the Superior Court for the trial of criminal cases to be held in Watauga County next after the entry of his order.

Error and remanded.