**George H. OUTING, Jr., Appellant,**

v.

**STATE OF NORTH CAROLINA,**
Appellee.

No. 9565.

United States Court of Appeals
Fourth Circuit.

Argued March 5, 1965.

Decided April 5, 1965.

George M. Trible, III, Richmond, Va. (Court-assigned counsel), for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen., of North Carolina (T. W. Bruton, Atty. Gen. of North Carolina, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

This North Carolina prisoner seeks a writ of habeas corpus upon the ground that his confession was extracted by intimidation and in violation of the principle of Escobedo.[1] His version of what transpired would entitle him to relief. North Carolina, however, advances a different version of the facts.

The District Court dismissed the petition without a hearing after reviewing the state court proceedings, including a transcript of the original trial. The difficulty, however, is that in all of the state court proceedings there has been no resolution of the historic facts. There is a conclusionary finding that the confession was voluntary, but no explicit resolution of the several underlying factual issues.

The District Court limited itself to a finding of fairness in the state court proceedings and has made no other findings of its own.

In Davis v. State of North Carolina, 4 Cir., 310 F.2d 904, we dealt with the identical question, the acceptability in a federal habeas corpus proceeding of a state court's conclusionary finding that a confession was voluntary. A majority of this court, en banc, held that such a finding was not an acceptable resolution of the historic facts and that the federal habeas corpus judge was required to make his own independent findings of the historic facts after consideration of the state court record and such other relevant evidence as might be offered before him in a plenary hearing.

Later, in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, the Supreme Court considered the same question. It came to a similar conclusion. It held that a state court's general finding that a confession was voluntary, without subsidiary findings of the historic facts, is unacceptable in the federal habeas court, unless the state court rec-

---

1. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

ord furnishes a basis for reconstruction of the state trial court's view of the underlying facts. It was suggested that such a basis would exist if the state trial court in its charge to the jury, or elsewhere, sufficiently disclosed its view of the governing legal principles that it could be said with assurance that it had not applied an erroneous constitutional standard.

On the present record, there is no such basis for reconstruction of the state trial court's view of the underlying facts. His charge to the jury is not included in the transcribed record. Elsewhere in the record there is no articulation of the governing legal principles as he conceived them. Nor were the underlying factual issues so uncomplicated as to foreclose the possibility that the legal principles applied could not be squared with the constitutional standards. The testimony, for instance, about one detective's discharge of his pistol in the field where the defendant and other detectives were searching for the murder weapon permits a wide range of inferences as to the detective's intentions and the effect of the firing upon the defendant.

Since this state trial court record contains no resolution of the historic facts, either explicitly or implicitly within the teaching of Townsend v. Sain, the conclusionary finding that the confession was voluntary is unacceptable in the federal habeas court. By that, of course, we mean only that it is not a permissible substitute for the habeas court's own findings. The District Court should have explored the factual issues and determined whether the confession was voluntary or coerced by applying settled constitutional standards to the historic facts as it found them. The finding of fairness in the state court proceedings, under these circumstances, was not an adequate basis for dismissal of the petition.

Only after an authoritative determination of the historic facts can the prisoner's legal contentions, directed to the voluntariness of his confession and to his right to counsel, be adjudicated.

Reversed and remanded.