William F. **TYLER**

v.

**R. C. CROOM, Captain et al., Prison Unit 026, Burgaw, N. C.**

Civ. No. 1966.

United States District Court
E. D. North Carolina,
Raleigh Division.

Feb. 27, 1967.

William F. Tyler, pro se., for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondents.

## OPINION AND ORDER

BUTLER, Chief Judge.

This is a second application by William F. Tyler, a state prisoner, for a writ of habeas corpus. Petitioner was convicted at the August 1965 Term of New Hanover County Superior Court and was sentenced to a term of 8 to 10 years imprisonment upon a plea of not guilty of common law robbery. His conviction was affirmed by the North Carolina Supreme Court. State v. Tyler, 266 N.C. 753, 147 S.E.2d 180 (1966).

In support of the contention that his custody violates the Federal Constitution, petitioner alleges that (1) he neither had nor waived counsel at his preliminary hearing; (2) counsel at his trial was "uninterested and ineffective";[1] and (3) denial of a plenary post-conviction hearing under N.C.Gen.Stat. § 15–217.

We denied petitioner's prior application for writ of habeas corpus by an order dated July 7, 1966. State court records revealed petitioner had not presented the allegations raised in federal habeas either by direct appeal to the North Carolina Supreme Court or by application for writ of certiorari from a summary post-conviction proceeding at the April 1966 Term of New Hanover County Superior Court. We therefore bottomed our denial of the writ on the grounds that petitioner had not exhausted available state court remedies.

State court records reveal that petitioner has subsequently sought certiorari from the denial of relief at the April 1966 post-conviction proceeding and that certiorari was denied by the North Carolina Supreme Court in September 1966.

Generally, when a state prisoner has exhausted all available state remedies, a federal district court proceeds to a determination of the merits of his allegations by carefully scrutinizing state court records, particularly the transcript of the post-conviction proceedings. If an examination of state records discloses petitioner's federal con-

---

1. Although the second habeas application does not allege factual support for the conclusory allegation of ineffective assistance of counsel, such factual allegations do appear in the first habeas application to this court and in the petition for post-conviction relief to the state courts. The respondents in their answer state: "The Petitioner also alleges that his counsel was absent at a very critical stage of the trial wherein the Solicitor was arguing before the jury and that this was prejudicial and ineffective assistance of counsel also."

stitutional rights have been fully protected, the court denies the habeas application. But, if such an examination fails to disclose that petitioner's rights have been properly adjudicated, a federal district court may be compelled to hold an evidentiary hearing *de novo* and make its own findings of the relevant facts and conclusions of law. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963).

In the instant case the petitioner has raised a constitutional issue in the state courts and in this court that cannot be resolved by an examination of state court records. The state post-conviction court denied relief without a hearing, and entered an order finding facts which are not supported by the record. The petitioner was not afforded an opportunity to offer any evidence in support of his allegations.

The Attorney General of North Carolina has filed an answer for the respondents which contains the following statement:

"In view of the fact that there is not evidence nor testimony in support of the State's denial that the Petitioner had ineffective assistance of counsel or that his counsel was uninterested or ineffective or negligent in his handling of the case, the State must join with the Petitioner and request that this Court set for hearing in New Hanover County, in the United States District Court, * * * a hearing in order that the State may present evidence in rebuttal to the Petitioner's allegations and that the Petitioner may present any evidence he desires in support of his allegations."

■■ Where a petitioner for post-conviction relief or an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, he is entitled to an evidentiary hearing where the facts are in dispute, if he did not receive a full and fair evidentiary hearing in the state court, either at the time of the trial or in a collateral proceeding, unless the factual issues can be determined from the record.

In other words, an evidentiary hearing is required unless the trier of fact has reliably found the relevant facts and decided the constitutional claim tendered by the defendant on the merits. Townsend v. Sain, supra.

■ Where a hearing is required to determine factual issues that cannot be determined from the record, the hearing should be held initially by the state courts in accordance with valid state procedures before a federal district court is called upon to consider petitioner's constitutional claims—only thus can the state courts exercise their primary responsibility to correct their own errors and avoid abdicating their jurisdiction to the federal courts.

This court stated in Wells v. Stallings, 253 F.Supp. 748, 751 (E.D.N.C.1966):

"* * * [T]he primary responsibility to correct federal constitutional errors which vitiate a state conviction rests upon the state courts, and * * * the state courts are better equipped to process the complaints than the federal courts."

And again, in Sligh v. State of North Carolina, 246 F.Supp. 865 (E.D.N.C. 1965), we said:

"Only by affording the state an opportunity to correct constitutional errors in a state trial will the primary obligation of the state to enforce its criminal law be preserved and the doctrine of comity between courts remain intact * * *"

And in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950), the Supreme Court said:

"[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."

In Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948), the Supreme Court said:

"State courts are duty bound to give full effect to federal constitutional rights and it cannot be assumed

they will be derelict in their duty. Only after state remedies have been exhausted without the federal claims having been vindicated may federal courts properly intervene. Indeed, any other rule would visit upon the federal courts an impossible burden, forcing them to supervise the countless state criminal proceedings in which deprivations of federal constitutional rights are alleged."

Therefore, it is North Carolina, not the federal habeas corpus court, which should first provide Tyler with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the effective assistance of counsel at his trial. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

We therefore abstain from present determination of petitioner's allegations and retain this cause awaiting state court proceedings in accordance with this opinion; now, therefore,

It is ordered that the State of North Carolina file in the office of the Clerk of this court in the Federal Building, Raleigh, North Carolina, on or before the 20th day of March, 1967, a statement certifying whether or not said State desires to afford petitioner, William F. Tyler, a plenary post-conviction hearing pursuant to the provisions of N.C.Gen. Stat. §§ 15–217 et seq.

It is further ordered that should the State of North Carolina afford said William F. Tyler a plenary post-conviction hearing, said State shall do so within a reasonable time.

It is further ordered that if the State of North Carolina does not elect to afford petitioner such a hearing, or if said State should so elect and fail to do so within a reasonable time, the court will entertain a motion on behalf of petitioner for further consideration and relief by this court.

It is further ordered that the United States Marshal serve forthwith a copy of this order upon the Honorable James C. Bowman, Solicitor of the Eighth Solicitorial District of North Carolina, Southport, North Carolina; that the Clerk shall serve a copy of this order by mail upon the attorney for the respondents, the Honorable T. Wade Bruton, Attorney General of North Carolina, Raleigh, North Carolina, and the petitioner, William F. Tyler.