**Rufus NEAL, Jr.**

v.

**Captain J. R. TAYLOR, State of North Carolina.**

**Civ. No. 1963.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Feb. 27, 1967.

Rufus Neal, Jr., pro se.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondents.

BUTLER, Chief Judge.

This is an application for a writ of habeas corpus by a state prisoner. It appears to the court from the verified application, answer of respondents, and state court records, that petitioner is confined pursuant to a sentence of 5 years imprisonment imposed by the Superior Court of Halifax County, North Carolina, at the January 1965 Term upon his plea of guilty to six counts of forgery.

In support of the contention that his custody violates the Constitution of the United States, petitioner alleges that during the course of police interrogation he asked to speak to a lawyer, and that the police informed him that he would not be permitted to see anyone until he told them what they wanted to know; that when petitioner then refused to say anything the "Chief" told the officer to "slap the hell out of him"; that he was beaten by police officers for 2½ days and was hospitalized as a result; that when petitioner stated he would inform the trial court of his mistreatment an officer replied, "Who do you think the Judge will believe, Nigger, me or you?"; that police officers instructed him to waive his right to counsel and not to make any statement about his mistreatment when he appeared before the trial Judge or they would "beat the hell out of me again"; that petitioner was not allowed to call his wife or have any visitors during the period of custodial interrogation; and, finally, that he was forced to sign a confession.

At his trial, petitioner was informed of his rights by the presiding Judge, and thereafter he signed a written waiver of his right to counsel and entered a plea of guilty. The respondents deny the material allegations of the petition.

Petitioner did not appeal his conviction, but has presented his constitutional claims at a post-conviction hearing under N.C.Gen.Stat. § 15–217 et seq., and relief was denied.

Respondents did not attach to their answer a record of the post-conviction proceedings which served as a basis for denial of relief. Indeed, the respondents assert in their answer:

"That, it is significant to point out that there was not testimony recorded at the Post-Conviction Hearing and no record that testimony was in any way attached, nor is it in existence, nor is there any record of testimony at the original trial in existence."

It would appear from the post-conviction order denying relief that no plenary hearing was held and that the court merely examined the petition and the "records of Halifax County", in making its conclusory finding that the guilty plea was voluntary. The order recites "that the al-

legations set forth in his petition offer no probable grounds for relief either in law or fact."

Since the state court records contain no resolution of the historic facts, either explicitly or implicitly, as required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), a conclusory finding by the post-conviction court that a plea of guilty was voluntarily made is unacceptable in a federal habeas corpus proceeding. Outing v. State of North Carolina, 344 F.2d 105 (4 Cir. 1965).

There can be no doubt that if the allegations contained in the petitioner's application are true he is entitled to have his sentence vacated. If a guilty plea is the product of coercion, either mental or physical, the judgment of conviction which rests upon it is void and is subject to collateral attack on federal habeas corpus. White v. Pepersack, 352 F.2d 470 (4 Cir. 1965).

The primary responsibility to correct federal constitutional errors which taint a state conviction rests with the state courts themselves. The disposition of this case is governed by our decision, filed this day, in Tyler v. Croom, et al., Raleigh Division, 264 F.Supp. 415. Now, therefore,

It is ordered that the State of North Carolina file in the office of the Clerk of this court in the Federal Building, Raleigh, North Carolina, on or before the 20th day of March, 1967, a statement certifying whether or not said State desires to afford petitioner, Rufus Neal, Jr., a plenary post-conviction hearing pursuant to the provisions of N.C.Gen. Stat. § 15–217 et seq.

It is further ordered that should the State of North Carolina afford said Rufus Neal, Jr. a plenary post-conviction hearing, said State shall do so within a reasonable time.

It is further ordered that if the State of North Carolina does not elect to afford petitioner such a hearing, or if said State should so elect and fail to do so within a reasonable time, the court will entertain a motion on behalf of petitioner for further consideration and relief by this court.

It is further ordered that the United States Marshal serve forthwith a copy of this order upon the Honorable W. H. S. Burgwyn, Jr., Solicitor of the Third Solicitorial District of North Carolina, Woodland, N. C.; that the Clerk shall serve a copy of this order by mail upon the attorney for the respondents, the Honorable T. Wade Bruton, Attorney General of North Carolina, Raleigh, N. C.; and the petitioner, Rufus Neal, Jr.