**John A. LASSITER, Petitioner,**

v.

**R. L. TURNER, Warden, Central Prison, Respondent.**

**Civ. No. 1931.**

United States District Court
E. D. North Carolina,
Raleigh Division.

Feb. 6, 1968.

---

William R. Hoke, Raleigh, N. C., court-assigned, for petitioner.

T. W. Bruton, Atty. Gen. of North Carolina, for respondent.

OPINION AND ORDER

BUTLER, Chief Judge.

This is an application by John A. Lassiter, a state prisoner, for a writ of habeas corpus in forma pauperis. Lassiter was convicted of armed robbery at the April 1960 Term of the Superior Court of Hertford County and was sentenced to a term of eighteen to twenty years imprisonment. At the April 1965 Session of the Superior Court of Hertford County his conviction was vacated in post conviction proceedings pursuant to N.C. Gen.Stats. § 15–217 to § 15–222. He was retried at the July 1965 Session of the Superior Court of Hertford County and upon a plea of guilty to common law

robbery [1] was sentenced to eight to ten years imprisonment.

Petitioner attacks his common law robbery conviction and his sentence of eight to ten years on the grounds that (1) his plea of guilty at his second trial was coerced by the prosecuting attorney's statement of intention to try him on charges previously *nolle prossed*, (2) that his counsel communicated the prosecutor's statement to him resulting in his plea of guilty, and (3) he was unconstitutionally denied credit on the new sentence for the amount of time served under the vacated sentence.

Lassiter presented contentions (1) and (2) to the February 1966 Session of the Superior Court of Hertford County in a post-conviction proceeding, but did not allege ground (3) for the reason that "petitioner felt that as the State Court gave him the sentence they would not consider it excessive". Certiorari was denied by the Supreme Court of North Carolina on June 16, 1966.

In support of the allegation that his guilty plea was coerced, Lassiter testified at the State post-conviction hearing that he was induced to plead guilty by the prosecuting attorney's statement that unless he pleaded guilty to the lesser offense of common law robbery he would be prosecuted not only for armed robbery, but also on a charge of secret assault which had been *nolle prossed* at his original trial.[2] Court assigned counsel corroborated Lassiter's testimony. The prosecuting attorney testified he made no promise to petitioner or to his attorney.

In the order denying post-conviction relief the State Court failed to find any facts relative to Lassiter's testimony that the prosecuting attorney had expressed an intention to reinstate the secret assault charge. Desirous of exploring the matter further, we appointed counsel and conducted an evidentiary hearing. From the evidence there offered we make the following findings of fact:

1. Prior to Petitioner's retrial, court-assigned counsel, after preparation of his defense, was of the opinion that the State of North Carolina did not have sufficient competent evidence to support a verdict of guilty of armed robbery, and with the knowledge and consent of Petitioner a plea of not guilty to the charge of armed robbery was entered in Petitioner's behalf.

2. After entry of the not guilty plea, counsel began the selection of a jury, but court was recessed for the day when the venire of prospective jurors was exhausted.

3. Before leaving the courtroom, the prosecuting attorney (hereinafter referred to as Solicitor) told defense counsel he was contemplating reopening a charge of secret assault which had been *nolle prossed* at Petitioner's original armed robbery trial.

4. In response to the Solicitor's statement defense counsel asked the Solicitor whether he would accept a plea of guilty to a lesser included offense. The Solicitor indicated he would consider counsel's proposal.

5. That evening defense counsel discussed the *nolle prossed* charge with Lassiter. He told Petitioner he did not know whether state law permitted the Solicitor to reopen the secret assault charge, but that he would research the matter and advise him the following morning. He further told Lassiter to consider entering a plea of guilty to a lesser included offense in the event the Solicitor could reinstate the charge.

6. The next morning defense counsel advised Lassiter that the *nolle prossed* charge could be reinstated and discussed the alternative courses open to Petition-

---

I. The crime of common law robbery is a lesser included offense of the crime for which petitioner was originally tried. State v. Stewart, 255 N.C. 571, 122 S.E. 2d 355 (1961).

2. See Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), for a discussion of North Carolina's procedural device known as *"nolle prosequi"*.

er. He advised Lassiter that if he pleaded not guilty to armed robbery, and if he was acquitted of that charge, the secret assault charge probably would be reopened; however, if he changed his plea to guilty to common law robbery the *nolle prossed* charge probably would not be reinstated and he could receive a maximum of ten years imprisonment, and he would be eligible for parole in two and one-half years.[3]

7. After consulting members of his family Lassiter decided to change his plea from not guilty of armed robbery to guilty of common law robbery.

8. Petitioner in open court stated to the trial judge that he had authorized his attorney to tender a plea of guilty of common law robbery. Petitioner also informed the trial judge that his plea was voluntary.

9. Petitioner has not been tried on the secret assault charge.

## THE PLEA

■■ "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962); See, White v. Pepersack, 352 F.2d 470 (4 Cir. 1965). However, not every act or statement by a prosecutor which influences an accused to enter a guilty plea renders the plea involuntary. Brown v. Beto, 377 F.2d 950 (5 Cir. 1967). Properly conducted plea negotiations are "an essential, inevitable, and not improper part of the criminal process", although otherwise lawful plea discussions between prosecutor and defense counsel may be abused to such an extent as to vitiate a plea. Ganger v. Peyton, 379 F.2d 709 (4 Cir. 1967).

In the instant case, the Solicitor did not at any time engage in plea negotiations directly with the petitioner; he dealt only with court-assigned counsel. And, the trial judge did not participate in the plea discussions. Defense counsel advised petitioner of the alternatives available and of the considerations deemed important by him in reaching an intelligent decision. The decision to enter a plea of guilty was ultimately made by the defendant with full understanding of the consequences. See, ABA Project on Minimum Standards for Criminal Justice, Pleas of Guilty, Part 3 (Tent.Draft Feb. 1967); See generally, The President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free Society, at 135 (1967).

■■■ The burden was upon the petitioner to prove by a preponderance of the evidence that his plea was involuntary. Vanater v. Boles, 377 F.2d 898 (4 Cir. 1967). This he has failed to do. The Court therefore concludes from the foregoing findings of fact that petitioner freely, knowingly, and voluntarily entered a plea of guilty to common law robbery.

## ASSISTANCE OF COUNSEL

The Court further finds and concludes that petitioner was effectively represented by court-assigned counsel.

■■ Defense counsel would have been derelict in his duty had he not advised petitioner of all the consequences of his plea. "Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309 (1948); Wilson v. Rose, 366 F.2d 611 (9 Cir. 1966). Counsel's professional advice to petitioner and his conduct throughout the period of his representation were in every respect correct and proper.

---

3. "All prisoners [except those serving a life sentence] shall be eligible to have their cases considered for parole when they have served a fourth of their sentence, if their sentence is determinate, and a fourth of their minimum sentence, if their sentence is indeterminate * * *." N.C.Gen.Stat. § 148–58.

CREDIT

The following appears to be the material facts with respect to petitioner's criminal record:

| DATE | COURT | OFFENSE | SENTENCE |
|------|-------|---------|----------|
| 4/ /60 | Northampton County Superior Court | Forgery | 5 to 8 years |
| 4/ /60 | Hertford County Superior Court | Forgery | 5 to 8 years, concurrent with the prior forgery sentence |
| 4/ /60 | Hertford County Superior Court (original conviction) | Armed Robbery | 18 to 20 years, consecutive to the forgery sentences |
| 5/25/62 | Brunswick County Superior Court | Escape | 9 Months, consecutive to the armed robbery sentence |
| 3/12/65 | Mecklenburg County Superior Court | Escape | 9 Months, consecutive to the prior escape sentence |
| 7/ /65 | Hertford County Superior Court (retrial) | Common Law Robbery | 8 to 10 years |

---

On March 21, 1964, petitioner completed service of the two forgery sentences and began service of the eighteen to twenty year armed robbery sentence; however, on April 14, 1965 the armed robbery conviction was vacated. Prior to retrial state prison officials determined that petitioner had served actual and gained time of one year, seven months, and seventeen days under the vacated sentence. They applied this time to petitioner's escape sentences and found that there was one month and seventeen days remaining. Therefore, when petitioner was sentenced to a term of eight to ten years upon his conviction of common law robbery, his sentence was administratively reduced to seven years, ten months, and thirteen days to ten years.

Petitioner contends he is entitled to a credit on the maximum as well as the minimum length of his sentence. Respondent claims petitioner has been properly credited with all time to which he is entitled.

 Since petitioner has not raised the credit claim in any state court and since it appears that resort to the North Carolina courts would not be futile, In re Sellers, 234 N.C. 648, 68 S.E.2d 308 (1951), State v. Weaver, 264 N.C. 681, 142 S.E.2d 633 (1965) [4], the Court is of

4. In *Weaver* the North Carolina Supreme Court held that where a defendant receives the maximum sentence at retrial upon his conviction of a lesser offense, he is entitled to credit for time served under his original conviction. Lassiter received a term of ten years, the maximum prescribed for common law robbery,

the opinion that appropriate federal-state relations and proper regard for state processes require that the petitioner first be required to present this allegation to the State courts. Giles, et al. v. State of Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Ganger v. Peyton, 379 F.2d 709, 710–711 (4 Cir. 1967); United States ex rel. Roberts v. La Vallee, 373 F.2d 49 (2 Cir. 1967); Tyler v. Croom, 264 F.Supp. 415 (E.D.N.C.1967). Now, therefore,

It is ordered that the application for a writ of habeas corpus be and it is hereby denied.

State v. Stewart, 255 N.C. 571, 122 S.E.2d 355 (1961); In re Sellers, 234 N.C. 648, 68 S.E.2d 308 (1951). He has not received full credit on the maximum length of his sentence for time previously served for armed robbery.