STATE OF NORTH CAROLINA v. ROBERT LEE HOOVER

No. 7218SC57

(Filed 29 March 1972)

1. Criminal Law § 3— attempt to commit crime

An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission.

2. Robbery § 4— attempted robbery — sufficiency of evidence

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of attempted common law robbery where it tended to show that defendant entered a savings and loan association branch office, that he handed a teller a note containing

State v. Hoover

the words, "This is a hold-up. Close door. Lock Doors," and other instructions, that a teller pushed a silent alarm button, that defendant recognized one of the tellers as a neighbor of his sister, that defendant stated he was kidding, took his note and left the building, that the police arrived and pursued defendant, and that when stopped by the police, defendant had a loaded pistol on the seat of his car, a paper bag concealed in the waistband of his trousers and the hold-up note in his coat pocket.

3. Robbery § 3— evidence found in defendant's car — intent

In this prosecution for attempted common-law robbery, evidence relating to firearms found in defendant's car and a paper bag found concealed on his person was properly admitted for the purpose of showing defendant's intent.

APPEAL by defendant from *McConnell, Judge,* 31 May 1971 Session of Superior Court held in GUILFORD County.

Defendant was indicted for attempted robbery and entered a plea of not guilty. The evidence tended to show the following. A few minutes before the regular closing hour, defendant entered a branch office of Home Federal Savings and Loan Association in Greensboro and asked to speak with the loan officer or manager. Upon being advised that the manager was not in, defendant pulled a note from his pocket and handed it to a teller. Handprinted on this note were the words, "This is a hold-up. Close door. Lock doors," and other instructions. The teller became frightened and handed the note to another teller. One of the tellers pushed a silent alarm button which was located under the counter. Another teller came out from the kitchen and was recognized by defendant as being a neighbor of his sister. Defendant stated that he was kidding, took his note and left the building. The tellers watched defendant enter a car at the rear of the building. Police arrived just as defendant pulled away. One of the tellers got in the police car which pursued defendant. At the time of his capture defendant was found to have a loaded pistol on the seat of his car, a paper bag concealed in the waistband of his trousers and the hold-up note in his coat pocket. Defendant testified that he was on the way to the liquor store and just thought he would pull a joke on the girls who worked for the savings and loan. He said that he thought some of his friends at a nearby service station would enjoy hearing about the story. From a verdict of guilty and judgment imposing an active prison sentence, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney William Lewis Sauls for the State.*

*Public Defender for the Eighteenth Judicial District Wallace C. Harrelson and Assistant Public Defender J. Dale Shepherd for defendant appellant.*

VAUGHN, Judge.

[1, 2]  Defendant contends that the trial court committed error in refusing to grant his motion for nonsuit made at the close of the State's evidence. Defendant was charged with attempted robbery. "An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission. [citations omitted]. 'An indictable attempt, therefore, consists of two important elements: (1) an intent to commit the crime, and (2) a direct ineffectual act done toward its commission.'" *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880. Furthermore, "Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." *State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355. The evidence is ample to support a jury finding that defendant intended to rob the savings and loan, that he placed the tellers in fear, and that he committed a direct act in furtherance of the crime but which fell short of accomplishing its actual commission. This assignment of error is overruled.

[3]  Defendant further contends that the trial court erred in admitting evidence and testimony relating to weapons found in defendant's car and as to the paper bag found concealed on his person. Intent is one of the elements of the offense with which defendant was charged. Intent, by its very nature, is most often not susceptible to proof by direct evidence. "Intent is an attitude or emotion of the mind and is seldom, if ever, susceptible of proof by direct evidence, it must ordinarily be proved by circumstantial evidence, i.e., by facts and circumstances from which it may be inferred." *State v. Gammons,* 260 N.C. 753, 133 S.E. 2d 649. For these reasons, among others, the evidence was properly admitted.

We have carefully considered all of defendant's assignments of error including those directed at the charge of the

court and find them to be without merit. In the entire trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.