STATE OF NORTH CAROLINA v. ACESUS WILSON

No. 7512SC244

(Filed 4 June 1975)

**Assault and Battery § 5; Robbery § 5— indictment for attempted common law robbery — conviction of assault with deadly weapon inflicting serious injury**

A defendant tried upon an indictment charging attempted common law robbery could not be convicted of assault with a deadly weapon inflicting serious injury since that offense is not a lesser included offense of attempted common law robbery because neither the infliction of serious injury nor the use of a deadly weapon is an essential ingredient of attempted common law robbery.

APPEAL by defendant from *Walker, Judge.* Judgment entered 12 February 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 13 May 1975.

Defendant was charged in separate bills of indictment with the felonies of (1) attempted common law robbery, and (2) assault with a deadly weapon inflicting serious injury. The offenses allegedly occurred in the same day and Simon Eddie was the alleged victim of both offenses. Defendant pled not guilty.

Evidence presented at trial tended to show: At around 9:45 a.m. on 25 October 1974, Mr. Eddie was working in his store. Defendant entered the store, carrying a white plastic bag under his arm, inquired as to certain merchandise, but left without purchasing anything. Approximately two minutes later, he reentered the store running, with a .45 calibre gun which he pointed at Mr. Eddie and said, "This is a holdup". He proceeded to hit Mr. Eddie on his head with the gun at least seven or eight times, rendering Mr. Eddie unconscious. When

the victim regained consciousness, he observed that defendant was standing near the front door. Mr. Eddie then jumped up and reached for his gun which was beside the cash register. As defendant ran toward him, Mr. Eddie knocked the gun from defendant's hand, grabbed his own gun, and shot at defendant several times as he ran out the door. One or two of Mr. Eddie's shots struck defendant. Defendant fell a short distance from the building, Mr. Eddie disarmed him, and kept him "covered" until police arrived. As a result of being struck by defendant, Mr. Eddie received head injuries requiring medical attention.

At the close of all the evidence, defendant renewed his motions made at the close of the State's evidence for nonsuit of both charges. The court granted the motion as to the assault charge on the ground that "assault on a person" is a lesser included offense of common law robbery and attempted common law robbery.

The court instructed the jury that they might return one of the following verdicts: guilty of attempted common law robbery; or, guilty of assault with a deadly weapon inflicting serious injury; or, guilty of assault with a deadly weapon; or, guilty of assault inflicting serious injury; or, guilty of simple assault; or, not guilty.

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury and the court entered judgment imposing prison sentence of not less than two nor more than five years, with credit to be given for 111 days defendant spent in jail awaiting trial. Defendant moved for arrest of judgment, the motion was overruled and defendant appealed.

*Attorney General Edmisten, by Associate Attorneys Jesse C. Brake and G. Jona Poe, Jr., for the State.*

*H. Gerald Beaver, Assistant Public Defender, Twelfth Judicial District, for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the court to grant his motion to arrest the judgment, contending that assault with a deadly weapon inflicting serious injury is not a lesser included offense of attempted common law robbery. The assignment must be sustained.

In *State v. Stepney,* 280 N.C. 306, 318, 185 S.E. 2d· 844 (1972), Justice Huskins, speaking for the court, said: " . . . It is only when *all* essentials of the lesser offense are included among the essentials of the greater offense that the law merges them into one and treats the less serious charge as a 'lesser included offense'."

In *Stepney,* the court held that an assault with a deadly weapon inflicting serious injury is not a lesser included offense of armed robbery because the infliction of serious injury is not an essential ingredient of the armed robbery charge. See also, *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971).

In *State v. Stewart,* 255 N.C. 571, 572, 122 S.E. 2d 355 (1961), the court defined common law robbery as " . . . the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." Neither infliction of serious injury nor the use of a deadly weapon is an essential ingredient of common law robbery or attempted common law robbery.

For the reasons stated, we hold that the court erred in submitting the charge of assault with a deadly weapon inflicting serious injury as a lesser included offense of attempted common law robbery.

Judgment arrested.

Judges PARKER and VAUGHN concur.