STATE OF NORTH CAROLINA v. JAMES BERNARD DIXON

No. 778SC392

(Filed 2 November 1977)

**Robbery § 5— common law robbery—larceny from the person**

The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of common law robbery and did not require submission of an issue of larceny from the person where the victim testified that defendant came to his home and asked if he had any money; the victim stated that he had none and defendant insisted that he did; defendant then grabbed the victim, twisted him around and ran his hand into the victim's pocket and got his money; the victim was trying to keep defendant from getting the money; and the victim was so scared that he could not remember how long defendant was in his presence.

APPEAL by defendant from *Smith (David I.), Judge.* Judgment entered 23 February 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 29 September 1977.

Defendant was indicted for and convicted of common law robbery. Judgment imposing a prison sentence of ten years was entered.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Hulse & Hulse, by H. Bruce Hulse, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant argues that his motion for nonsuit should have been allowed and that the jury should have been allowed to consider a verdict of larceny from the person.

The evidence tends to show the following. Fairley, the robbery victim, lived alone in a house that was about one block from the home where defendant lived with his blind grandfather. Defendant, who was well known to Fairley, came to Fairley's home and knocked. Fairley turned on the light and opened the door. Defendant then asked if he had any money, and Fairley replied that he did not. Defendant then said, "Yes you do." Fairley testified:

> "then he grabbed me and got my little money and keys and pushed me back and got gone. He grabbed me and twisted me around and ran his hand in my pocket and got the money. I was trying to keep him from it but he got it. The money was in the right side pocket in one of those old timey long snap pocketbooks. I had a twenty dollar bill, a ten dollar bill and four fives and three ones, for a total of $53.00."

Fairley then testified that he was so scared that he could not remember exactly how long defendant was in his presence, but that it could have been less than five minutes. Defendant testified that, although he knew Fairley and had seen him on the day of the alleged robbery, he did not go to Fairley's home and did not rob him.

There was, therefore, ample evidence of defendant's guilt of the crime charged in the bill of indictment, and the court did not err in failing to instruct on the offense of larceny from the person. Robbery is the felonious taking of money or goods from the person of another, or in his presence, against his will, by violence

or putting him in fear. *State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355 (1961). "It is not necessary to prove both violence and putting in fear—proof of *either* is sufficient." *State v. Moore,* 279 N.C. 455, 458, 183 S.E. 2d 546, 547 (1971). In the case before us, the evidence shows a forcible taking both through violence and putting the victim in fear. The degree of force is immaterial so long as it is sufficient to cause the victim to part with his property. *State v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34 (1944). Where, as here, all the evidence tends to show that the crime charged was committed, and there is no evidence tending to show the commission of a crime of less degree, the court does not err in failing to instruct on the lesser offense. *State v. Sawyer, supra.*

Defendant had testified that he did not work. Defendant was then asked on cross-examination how he lived and if he lived off his blind grandfather. Defendant replied that he lived with his grandfather but did not live off him. He explained that he was a vegetarian and only ate about three times a week. We find that no prejudicial error resulted from overruling defendant's objection to the question.

Defendant's remaining assignments of error have been considered. We find no prejudicial error.

No error.

Judges MORRIS and CLARK concur.